## 𝕎𝕪𝕥𝕙𝕖𝕧𝕚𝕝𝕝𝕖.

### Meade v. N. & W. R. R. Co.

#### July 7th, 1892.

1. REFORMATION OF DEEDS—*Verbal agreements.*—A deed granting right of way will not be reformed or cancelled because the parties had verbally agreed that a trestle with a passway under it should be erected across a ravine on grantor's land, which agreement was not inserted because the parties deemed its insertion unnecessary. *S. V. R. R. Co.* v. *Dunlop,* 86 Va. 346.

2. AGENTS—*Unauthorized statements.*—Where the attorney dictating the deed and the right-of-way agent said to grantor that it was unnecessary to insert the verbal agreement, they having no authority to bind the grantee in the premises, such statement is no ground for cancelling the deed.

Appeal from decree of circuit court of Russell county, rendered September 10th, 1887, in the chancery suit wherein James H. Meade was complainant and the Norfolk and Western Railroad Company was defendant. The decree being adverse to complainant, he appealed. Opinion states the case.

*White & Buchanan,* for appellant.

*Burns & Fulton,* for appellee.

LEWIS, P., delivered the opinion of the court.

This case is so completely ruled by previous adjudications of this court that little need be said in disposing of it. The case of the appellant, who was the complainant in the court below, is briefly this:

Some time in the year 1887 he contracted with the appellee, the Norfolk and Western Railroad Company, for a right of

way through his farm in Russell county.   He claims that the understanding at the time was that, in constructing the road, a trestle would be built across a certain ravine on the farm, so as to afford a passway thereunder for farm purposes; but that, either through the mistake of the draftsman of the deed, or because it was not thought necessary to insert it, the stipulation respecting the trestle and passway was left out of the deed.

It appears, moreover, that when the deed was being written, the complainant mentioned the alleged understanding as to the trestle, and that Col. Harrison, the agent of the company in procuring rights of way, remarked that it was unnecessary to incorporate it in the deed, inasmuch as the profile of the road called for a trestle at that point.   A similar remark, the appellant claims, was made at the same time by Mr. Burns, the attorney of the company, who dictated the deed.   But it is proven that neither Harrison nor Burns had authority to bind the company in that particular.   It appears, moreover, that there was a preliminary written agreement between the parties for the right of way, which, also, made no mention of the trestle, though the claim is that the omission was for the same reason that the stipulation was left out of the deed.

The prayer of the bill was that the deed be reformed, or else set aside, and the rights of the complainant protected. But the circuit court dismissed the bill, and, as we think, correctly.

The case is in all essential particulars like that of the *Shen. Valley R. R. Co.* v. *Dunlop*, 86 Va. 346, in which case the rule respecting the reformation of written instruments, and their cancellation on the ground of fraud, was fully stated, and the authorities cited.   What was there said is decisive of the present case, and need not be repeated.

DECREE AFFIRMED.