# Richmond.

TROUT v. NORFOLK & WESTERN RAILWAY CO.

November 21, 1907.

1. PAROL EVIDENCE—*Deed in fee—Consideration—Parol agreement to Provide Right of Way.*—A land owner who has conveyed to a railroad company a fee simple, unencumbered, title to a strip of land, with covenants against encumbrances and for quiet enjoyment, will not be permitted to show, as a part of the consideration for the deed, a prior or contemporaneous parol agreement on the part of the company to construct a private right of way over the land conveyed, under the company's track, as a passway for his cattle. This would be, in effect, the reservation of an easement of the right of way, or a covenant to provide it, and parol evidence is not admissible to add any covenant to a deed, or to enlarge or contradict any covenant, or to create a reservation.

2. PAROL EVIDENCE TO VARY LEGAL IMPORT OF DEED.—In an action to recover the consideration of a deed, the consideration actually paid or promised can be shown by parol to have been other than that recited in the deed, or the fact of the payment of the consideration agreed may be contradicted, but parol evidence is inadmissible to alter or contradict the legal import of a deed. The legal import of a deed can no more be contradicted by parol evidence than its actual expressions.

Error to a judgment of the Circuit Court of the city of Roanoke in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Waller R. Staples,* for the plaintiff in error.

*Robertson & Wingfield, Theodore W. Reath* and *Phlegar & Powell,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

This is an action of assumpsit in which the plaintiff claims the right to recover the value of certain real estate which he had conveyed to the defendant company.

The declaration contains the common counts in assumpsit, and two special counts. The first special count alleges that the plaintiff agreed to convey to the defendant certain parts of a tract of land, provided the defendant would pay him the sum of $2,999 in cash, and would also construct, open and maintain across the land to be conveyed and under the defendant's railway tracks a roadway thirty feet wide, of which twenty-four feet was to be dedicated to the public use, and six feet to the plaintiff as a means of access for his live stock from one side of his place to the other; that he did convey the land, by a deed which he makes a part of the count, and received the $2,999 ; but that the defendant refused to provide the six-foot passway for his use, whereby he is deprived of access to water for his stock, and has suffered damages in the sum of $2,000. The second special count is practically the same as the first, except that it omits the statement that part of the roadway was to be dedicated to the public, and both counts claim that, in addition to the consideration agreed to be paid in money there was the further consideration for the said deed of the promise and agreement on the part of the defendant, that it would construct and maintain the six-foot passageway across the land conveyed and under the defendant's railway tracks for the use of the plaintiff as a means of access for his live stock from one side of his place to the other; and both allege the breach of the contract or agreement of the defendant to construct said passageway.

The defendant pleaded non-assumpsit, and at the trial the

plaintiff was introduced as a witness on his own behalf, described the location of his tract of land, testified that he entered into a contract with the defendant for the sale of a portion of that tract; then introduced the deed made a part of the declaration, and proposed to testify that the contract between him and the defendant was that, if he would convey eleven and a fraction acres of land more than he had formerly agreed to convey, defendant would, for the additional land provide him a cattle-pass as stated in the declaration. To the introduction of this parol evidence the defendant objected, which objection was sustained by the court, and the plaintiff excepted to the ruling and tendered his first bill of exception, which was duly signed and made a part of the record. The plaintiff was then permitted to state, with the understanding that the defendant could move to exclude the statement, that the defendant was, in addition to the $2,999 mentioned in the deed, to give him a passway along the culvert to be built over the county road for a cattle-pass from one side to the other of his land, and that such passway was to be through the land conveyed by the deed. On the motion of the defendant, this evidence was excluded, and to this ruling the plaintiff also excepted and took his second bill of exception. Thereupon, the plaintiff offered a letter written by his attorneys to the chief engineer of the defendant, his reply thereto, and a letter from Theo. Low, who signs himself "Real Estate Agent" to said chief engineer, which on defendant's objection were excluded, and the plaintiff took his third bill of exception.

The verdict was then rendered for the defendant, motion to set it aside was overruled, and the plaintiff filed his fourth bill of exception; whereupon, judgment was rendered for the defendant, to which judgment this writ of error was awarded.

The four bills of exception may be considered together, and the underlying question in the case is whether or not the court

erred in excluding the evidence offered by the plaintiff, above mentioned.

The deed, mentioned in the declaration and exhibited by the plaintiff while on the witness stand, states a consideration in money, paid in cash, and he was attempting to prove what was the real consideration for the deed. A plat, designated as "No. 7087 Revised," referred to in and made a part of the deed, shows the 22.22 acres of land conveyed as lying along the main railway track of the defendant, and embracing the proposed centre line of a proposed new eastbound track, all the space between the two tracks and two certain triangular parcels of land between the defendant's two lines of railway and the county road; and also shows a proposed new county road from an old county road on the one side, across the lands conveyed and the defendant's two lines of railway, to a county road on the opposite side. The statement as to the location of his land made by the plaintiff shows that he owned about 124 acres, of which about 100 acres lay on the south side of the old railway right of way, and 24 acres on the north side thereof, upon which there was water for cattle, while there was none on the 100 acres south of the railway. The purpose of the parol evidence and the letters which the court below excluded, was to show that, as claimed in plaintiff's declaration, while the deed stated upon its face a consideration of $2,999, "cash in hand paid, the receipt whereof is hereby acknowledged," the real consideration for the conveyance was not only this sum of money, but an agreement of the defendant to provide for the plaintiff a passway along the culvert, to be built on the side of the proposed new county road shown upon the map, for a cattle-pass from the south side of plaintiff's land to the north side thereof; that the agreement between the plaintiff and the defendant originally was, that the former would convey to the latter only the land necessary for its proposed new line of railway, which would require only about 11 acres, at the price of $3,000, of which $1 was paid when

the agreement was made, and the $2,999 to be paid subsequently; that afterwards plaintiff had another agreement with the defendant, that if he would embrace in his deed all of his land occupied by the proposed new line of railway and lying between the two railway tracks of the defendant, and also the two triangular pieces of land before mentioned, which together, contained an aggregate of 22.22 acres, the defendant would construct the passway for his cattle to pass from the land on the south side of the tracks to that lying on the north, as above mentioned; that the deed from the plaintiff to the defendant was executed in accordance with this last mentioned agreement, but while the defendant paid to the plaintiff the money consideration for the conveyance, when it began to construct the culvert for the passage of the county road under its tracks, it proposed to lay out the same to a width of 24 feet, instead of 30 feet as shown upon the map, providing no passway whatever for plaintiff's cattle according to what he contends was the agreement and a part of the consideration for the land conveyed other than the mere right of way for the defendant's proposed new line of railway; and that upon plaintiff's demand that the passway for his cattle be constructed in accordance with the agreement, the defendant refused to construct it.

The objection of the defendant to the introduction of the parol evidence offered on behalf of the plaintiff and excluded, was on the ground that it tended to alter and contradict the legal import of the deed, and that the plaintiff was seeking to prove that there were two contracts between him and the defendant, while his declaration alleged and his deed showed but one.

We are of opinion that the letters of Churchill, chief engineer, and Low, the real estate agent, offered by plaintiff in error, were inadmissible. They were not only written after the deed exhibited with the declaration was executed and delivered, but there had been no proof that the writers of the letters were the

authorized agents of plaintiff in error, or that they had any-thing to do with the making of the contract between the parties. The only point made by the letter to which Churchill's is a reply, is that the county road should be located at a particular place, and it would seem that Low's letter was merely intended to express the view that defendant in error's claim that the county road shown on the map made a part of the deed, was to be an undergrade crossing, was well founded; that it was his (plaintiff in error's) intention to use the county road as a pass-way for his cattle; and that this plat, showing the road as it did, influenced plaintiff in error in selling the land conveyed by the deed, instead of the 11½ acres, for $3,000.

Nor was the letter of Robertson, Hall & Woods at all relevant, and therefore it was also properly rejected. Neither the map with the deed, nor either of these letters, intimated any claim for a private passway, or of two contracts, while Robertson, Hall & Wood's letter says: "An option for this land was ob-tained from Mr. Trout by Mr. O. O. Taliaferro, representing the railway company, on November 6, 1905 * * *. The property in question embraces 22.57 acres, as shown by plan 7087-Revised, which was attached to and made part of the option," etc. The "revised" plan referred to was shown to be the map exhibited with the deed as a part thereof.

The trouble with plaintiff in error's case is that, in his dec-laration, under the guise of enforcing payment of the purchase money for the land conveyed in the deed, he sets up a claim for an easement over the land conveyed—an encumbrance on the land, of which no mention is made in the deed—and the parol evidence offered by him was for the purpose of showing that he was entitled to recover of defendant in error damages for the non-performance of its contract to establish for the plaintiff in error the easement, when, in point of fact, the last expression of the parties as to the contract, is to be found in the deed itself.

No fraud or misconduct is alleged in the declaration in the execution or procurement of the deed in question, and, therefore, this parol evidence was for the purpose of setting up a prior contract between the parties different from that contained in the deed.

It is true it is settled law that the consideration actually paid, or promised, can be shown to have been other than that recited in the instrument, or the fact of payment of the consideration agreed upon may be contradicted in an action for its recovery; but it is equally as well settled that parol evidence is inadmissible to alter or contradict the legal import of a deed. Its legal import may no more be contradicted by parol evidence than its actual expressions. *Calhoun & Cowan* v. *Wilson,* 27 Gratt. 649; *Sulphur Mines Co.* v. *Thompson,* 93 Va. 293, 25 S. E. 232; *Watkins* v. *Robertson,* 105 Va. 269, 54 S. E. 33, 5 L. R. A. (N. S.) 1194.

"It is true that the deed need not contain all the stipulations of the parties. For example, agreements as to the consideration and mode of payment need not be embraced in the deed, for the instrument purports to be the deed of but one of the parties, but it does purport to contain the covenants of the grantor in respect to the property conveyed. To add a new covenant by parol proof would be a palpable violation of the familiar rule that written contracts are not to be varied by oral testimony. Such a parol stipulation, it has been held, could not be proof in respect to an ordinary bill of sale of personal property." And the same will, of course, apply to a conveyance of land. Browne on Parol Ev., sec. 104, *Cabot* v. *Christie,* 42 Vt. 121, 1 Am. St. Rep. 313.

As well stated by the author of Browne on Ev., *supra,* "Parol evidence is incompetent to add any covenant to a deed, or to enlarge or contradict any covenant or create a reservation."

The deed between these parties professes to convey from the grantor a fee simple, unencumbered title to the land. It con-

tains express covenants, "that the grantor has done no act to encumber it; that the grantee shall have quiet possession thereof free from all encumbrances;" while the proposed parol evidence offered was to show that the grantor reserved a passway six feet wide over the land conveyed, which the grantee promised so to construct and maintain that the grantor's stock might pass over it at will, although the map attached to the deed and made a part thereof, while it shows the change of location of the county road and places it across the land conveyed, contains nothing whatever to indicate that there was to be any such passway for cattle as plaintiff in error contends for. In effect, plaintiff in error is contending that by a contract, not proven or attempted to be proven to have been entered into prior to the deed, he reserved to himself a right which is wholly inconsistent with the terms of his deed.

In the case of *Melton* v. *Watkins,* 24 Ala. 433, 60 Am. Dec. 481, very similar to the case under consideration, the lower court had allowed proof of contemporaneous parol agreement that the grantor in a deed to land could remain in possession for a time; but the supreme court of that state held that this was error, the opinion saying: "It (the parol evidence) varied by parol the legal effect of the deed and took from the grantee an interest which the deed conveyed to him. The rule is too well settled to require the citation of authority that all previous or contemporaneous parol agreements or understandings between the parties materially altering or varying by adding to or subtracting from the written agreement, must be considered as merged in that agreement, and the writing must be regarded as the evidence and sole expositor of the contract of the parties, when it is clear and unambiguous."

The agreement for a passway over the land conveyed by plaintiff in error is not collateral, and does not relate to a subject distinct from the land, but is really a part and parcel of the subject conveyed. We can see no difference between re-

serving a right of way and reserving the right to possession of the land after the conveyance, which was held in the case of *Melton* v. *Watkins, supra,* could not be done.

In *Shaver* v. *Edgell,* 48 W. Va. 502, 37, S. E. 664, the action was trespass *quare clausum fregit* against Edgell, who justified on the ground, among others, that he had conveyed the land to one Hall, under whom plaintiff claimed, with the agreement that he was to have a right of way over it, and that the trespass alleged was the use of the right of way. It was held that parol evidence to prove this agreement was not admissible, the opinion saying: "I think the court did not err in this. To admit such evidence would be dangerous in the extreme. The estate of man in land would be very precarious if such were the rule. His deed says he has absolute ownership unencumbered by the great burden of a right of way; but slippery memory or perjury comes up to contradict the deed and place a heavy encumbrance upon the owner's estate, largely detractive from the value of that estate. * * * Here Edgell, granting all his right in land, seeks afterwards to detract from the legal effect of his conveyance by loading the land with the heavy encumbrance of a private right of way for all time."

It is not to be questioned that "a separate oral agreement as to any matter on which a contract is silent, and which is not inconsistent with its terms, may be proven by parol, if, under the circumstances of the particular case, it may be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation, without any

uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing." *Seitz* v. *Brewers' Refrigerating Machine Co.,* 141 U. S. 510, 35 L. Ed. 837, 12 Sup. Ct. 46.

The map exhibited with the deed in this case is as much the declaration of the plaintiff in error as the other written portions of the deed, and, as we have remarked, there appears nothing on the map which indicates the passway for cattle as contended for by him.

In *Meade* v. *N. & W. Ry. Co.,* 89 Va. 296, 15 S. E. 497, the bill was filed to reform or cancel a deed granting the railroad company a right of way, because the parties had verbally agreed that a trestle with a passway under it should be erected across a ravine on the grantor's land, which agreement was not inserted because the parties deemed it unnecessary; but the relief was denied on the ground that parol evidence was inadmissible to show the agreement for the passway, such an agreement being inconsistent with the terms of the deed which was asked to be reformed or canceled.

In that case *Shenandoah Valley R. Co.* v. *Dunlop,* 86 Va. 346, 10 S. E. 239, is cited as conclusive that the relief sought could not be granted. In the case cited it is said: "The authorities all agree that equity has jurisdiction to reform written instruments in two well defined classes of cases only, viz.: (1) Where there has been an innocent omission or insertion of a material stipulation contrary to the intention of both parties, and under a mutual mistake; and (2) where there has been a mistake of one party accompanied by fraud or other inequitable conduct of the remaining parties. But so great and obvious is the danger of permitting the solemn engagements of parties, when reduced to writing, to be varied by parol evidence, that in no case will relief be granted except where there is a plain

mistake, clearly made out by satisfactory and unquestionable proofs."

This rule applies with more force in a court of law than in one of equity, and in referring to the rule, Harrison, J., in *Slaughter* v. *Smither,* 97 Va. 206, 33 S. E..545, says: "This court has manifested no disposition to fritter away the rule of evidence in question by nice ·distinctions to meet the hardships, real or supposed, of particular cases." It was there further said, that it cannot be assumed that the written contract between the parties was designed as an imperfect expression of their agreement from the mere fact that it contains nothing on the subject to which the parol evidence offered is directed. "On that assumption, the rule which excludes parol proof as a means of adding to the written contract would be entirely abrogated. * * * Where parties have deliberately put their mutual engagements into writing, in such language as imports a legal obligation, it is only reasonable to presume that ·they have introduced into the written instrument every material term and circumstance; and consequently all parol testimony of conversations held between them, or declarations made by either of them, whether before, after, or at the time of the completion of the contract, will be rejected. If the written contract purports to contain the whole agreement and it is not apparent from the writing itself that something is left out to be supplied, parol evidence to vary or add to its terms is not admissible."

In *Naumberg* v. *Young,* 44 N. J. L. 331, 43 Am. St. Rep. 380, the action was trespass on the case to recover damages for a breach of an alleged parol agreement between .the parties, entered into at the time, or prior to, thel execution of a lease of a certain brick factory; and the court held that parol evidence to establish this collateral agreement was inadmissible, for the reason that the written contract purported on its face to be complete and to contain the entire agreement of the parties; and that the parol evidence offered tended to add another term to the

agreement, the agreement containing nothing on the subject to which the parol evidence was directed. The opinion in that case reviews a great number of decided cases, and declares, as this court did in *Slaughter* v. *Smither, supra,* that to admit parol proof to add to a written contract in such a case would be entirely to abrogate the rule of the common law, that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument.

We find nothing in the case here which takes it from under the control of that rule of the common law; and, therefore, the judgment complained of is affirmed.

*Affirmed.*