M. C. McGANNON *v.* NORMAN FARRELL *et ux.**
SAME *v.* EDWARD BUFORD *et ux.*

(*Nashville.* December Term, 1919.)

1. **EVIDENCE. Parol evidence. Restrictions.**

A free and unrestricted grant by deed cannot be varied by parol evidence that grantee agreed to erect only certain kinds of buildings upon the land. (*Post, pp.* 631-644.) ·

Cases cited and approved: Bedford et al. v. Flowers, 30 Tenn., 242; Ellis v. Hamilton, 36 Tenn., 512; Bryan v. Hunt, 36 Tenn., 544; Price v. Allen, 28 Tenn., 703; McLean v. State, 55 Tenn., 22; Fields v. Stunston, 41 Tenn., 40; Stewart v. Insurance Co., 77 Tenn., 104; Weisinger v. Bank, 78 Tenn., 330; Insurance Co. v. Mathews, 76 Tenn., 508; Railroad v. Gammon, 37 Tenn., 571; Kearly v. Duncan, 38 Tenn., 400; Betts v. Demumbrune, 3 Tenn., 48; Leinan v. Smart, 30 Tenn., 308; Cobb v. Wallace, 45 Tenn., 539; Lytle v. Bass, 47 Tenn., 303; Stewart et al. v. Insurance Co., 77 Tenn., 104; Van Leer v. Fain, 25 Tenn., 104; Dick v. Martin, 26 Tenn., 263; Mitchell v. Bank, 27 Tenn., 216; Cobb v. O'Neal. 34 Tenn., 438; Cobb v. Wallace, 45 Tenn., 539; Bissenger v. Guiteman, 53 Tenn., 277; Hicks v. Smith, 72 Tenn., 459; Breeden v. Grigg, 67 Tenn., 163; Waterbury v. Russell, 67 Tenn., 162: Brady v. Isler, 77 Tenn., 356; Barnard v. Roan Iron Co., 85 Tenn.. 139; Trout v. N. & W. Railway Co., 107 Va., 576; Lewis v. Turnley, 97 Tenn., 197; Hines v. Wilcox, 96 Tenn., 148.

Cases cited and distinguished: Seitz v. Brewers' Refrigerating Machine Co., 141 U. S., 510; Adams v. Gillig, 199 N. Y., 314; L. & N. R. R. Co. v. Willbanks, 133 Ga., 15.

2. **EVIDENCE. Parol evidence. Admissibility.**

Ordinarily, parol evidence is inadmissible to contradict a written agreement. (*Post, pp.* 631-644.)

---

*For authorities passing on the question of the general rule that parol evidence not admissible to vary, add; to, or alter a written instrument, see note in 17 L. R. A., 270.

3. **EVIDENCE.** Admissibility. Parol evidence.

Parol evidence is admissible to establish an independent or collateral agreement not in conflict with a written contract, or where original contract was verbal and only a portion of it was reduced to writing. (*Post, pp.* 631-644.)

FROM DAVIDSON.

Error to the Circuit Court of Davidson County.— Hon. M. H. MEEKS, Judge.

KEEBLE & SEAY and SMITH & BERRY, for plaintiff in error.

E. J. SMITH and NORMAN FARRELL, JR., for defendants in error.

MR. JUSTICE HALL delivered the opinion of the court.

These suits were instituted separately in the circuit court of Davidson county—one by Norman Farrell, Sr., and wife, Josephine E. Farrell, and the other by Edward Buford and wife, Lazinka E. Buford, against Dr. M. C. McGannon—but, on the hearing, were consolidated; separate judgments being rendered in each case. They were tried by the court without the intervention of a jury.

The predicate of said suits is this: In 1907 Mrs. Louise E. Yandell owned a lot on Elliston place at the corner of Twenty-Third avenue in the city of Nashville, Tenn., which she offered for sale for $5,500. The defendant, McGannon, offered her $5,000 for said lot.

Negotiations continued until the defendant finally offered to pay Mrs. Yandell $5,000 for said lot and assume the taxes for the current year, and also to pay the cost of a sidewalk which had been laid in front of the premises. The sale was negotiated and made for Mrs. Yandell, who was at the time temporarily in Europe, by her brother-in-law, Edward Buford, her duly appointed attorney in fact, through a real estate agent by the name of A. G. Merritt, the representative of R. W. Turner & Co., real estate brokers operating and doing business in the said city of Nashville.

No written contract was executed by the parties except the deed of conveyance. This deed was signed by Edward Buford, as attorney in fact for Mrs. Yandell. The consideration expressed in the deed was $5,000, the assumption of the 1907 taxes, and the cost of the sidewalk. No other writing passed between the parties, and Mrs. Yandell is not a party to either of the present suits.

The deed of conveyance executed by Edward Buford, the attorney in fact of Mrs. Yandell, is a general warranty deed, and conveys the absolute unrestricted title in fee of said lot to the defendant.

Upon the trial in the circuit court the plaintiffs offered parol evidence by which it was attempted to show that it was a part of the contract of sale that the defendant was to erect upon the lot conveyed a handsome residence for himself fronting on Elliston place or Church street, with an equally attractive entrance on Twenty-Third avenue, and of such a character as would be a credit to the neighborhood and would improve the adjoining property of the plaintiffs, in consideration of

Mrs. Yandell reducing the price of said lot from $5,500 to $5,000, and the plaintiffs paying the real estate agent's commissions on the sale, amounting to about $200, which commissions were paid by them in anticipation of the enchancement of the value of their adjoining property as a result of the erection of such residence by the defendant; that this contract was breached by the defendant, who did not build upon said lot such residence, but later conveyed said lot to a third person, who subsequently erected much cheaper and less attractive buildings upon said lot, buildings not in consonance with the buildings on plaintiffs' adjoining property and other buildings in that neighborhood, which is a high-class residential section, which buildings greatly impaired the value of plaintiffs' adjoining property; that, as a result of said breach by defendant, they are entitled to recover of him damages sustained by their adjoining property.

This evidence was duly excepted to by the defendant at the time it was offered, but was admitted over said exception by the trial judge, who, after hearing all the proof offered in said cases, rendered a judgment against the defendant in favor of Farrell and wife for the sum of $6,250 and costs of suit, and a judgment in favor of Buford and wife for $5,500 and costs of suit.

The trial judge made and filed a written finding of facts upon the request of the defendant, which is made a part of the record in said cases, in which said agreement is found to be substantially as herein stated.

From these judgments the defendant appealed to the court of civil appeals, after his motions for a new trial had been duly made, considered, and overruled.

Numerous errors were assigned by the defendant in the court of civil appeals, which need not be set out in detail in this opinion. Only two of said assignments of error were passed on by the court of civil appeals. These are the first and second assignments. The first is: "Under the facts as found by the trial judge the plaintiffs were not entitled to recover, and it was error not to dismiss their suits at plaintiffs' costs."

The second is: "There is no evidence to support the finding of facts by the court in favor of the plaintiffs, and there is no evidence to support the judgment of the court in plaintiffs' favor against the defendant in either case."

Upon a consideration of said cases by the court of civil appeals, that court was of the opinion that the alleged parol contract sought to be set up was void for uncertainty and indefiniteness, and for this reason plaintiffs could not enforce the same. The court of civil appeals, however, did not dismiss the plaintiffs' suits, but modified the judgment of the circuit court in each case so as to allow the plaintiffs nominal damages in the sum of $5, and taxed the defendant with all the costs in each case. Said cases are now before this court for review by petitions for writs of *certiorari* filed by both plaintiffs and the defendant.

It is insisted by the assignments of error accompanying the petition of the defendant that the court of civil appeals erred in not dismissing the plaintiffs' suits under its holding that the contract sued on was void for uncertainty, and in awarding the plaintiffs a recovery for nominal damages.

It is further insisted that the court of civil appeals erred in not passing upon and sustaining defendant's assignment in that court to the effect that the trial court erred in admitting, over the objection of the defendant, proof tending to set up and establish the parôl agreement hereinbefore referred to with respect to the building of the residence upon said lot by the defendant, because the effect of said proof was to vary or contradict the terms of the deed, which conveyed to the defendant an absolute and unrestricted title in said property, and was therefore inadmissible.

Upon the other hand, it is insisted by the plaintiffs in their assignments of error that the court of civil appeals erred in modifying the judgments of the trial court for the reasons stated in its opinion.

We are of the opinion, after a careful examination of the record, petition, and assignments of error of the defendant, that said suits should have been dismissed by the court of civil appeals. If it be conceded that the alleged parol agreement with respect to the building of said residence by the defendant was sufficiently definite to constitute a valid binding agreement, which question, however, need not be passed upon, still we are of the opinion that said agreement could not be established by parol proof, because it is in direct contravention of the terms of the deed, which conveyed to the defendant an absolute unrestricted title to said property. The effect of the parol agreement, if permitted to be shown, would be to ingraft upon the defendant's title a restriction or incumbrance, which is not only not expressed in the deed, but is repugnant to its terms.

It appears from both the evidence and the trial court's written finding of facts that the alleged parol agreement was a part of the general negotiations for the sale of the lot. The language of the deed is clear and unambiguous, and purports to embody the whole contract between the parties. Such an agreement as plaintiffs seek to set up by parol proof would be inconsistent with the unconditional ownership and the free and unrestricted use of the property by the defendant, and would be in direct opposition to the deed itself, which, as before stated, conveyed to the defendant an absolute and unconditional title, free from restriction of any sort, with a covenant of general warranty and a covenant against incumbrances.

The general rule is that parol evidence is not admissible to contradict a written agreement, whether simple or by deed. *Bedford et al.* v. *Flowers,* 11 Humph., 242; *Ellis* v. *Hamilton,* 4 Sneed, 512; *Bryan* v. *Hunt,* 4 Sneed, 544, 70 Am. Dec., 262; *Price* v. *Allen,* 9 Humph, 703; *McLean* v. *State,* 8 Heisk., 22; *Fields* v. *Stunston,* 1 Cold., 40; *Stewart* v. *Insurance Co.,* 9 Lea, 104; *Weisinger* v. *Bank,* 10 Lea, 330; *Insurance Co.* v. *Mathews,* 8 Lea, 508; *Railroad* v. *Gammon,* 5 Sneed, 571; *Kearly* v. *Duncan,* 1 Head, 400, 73 Am. Dec., 179.

But this rule does not apply in cases where the parol evidence in no way contradicts or alters the terms of the written contract, but tends to establish an independent or collateral agreement not in conflict with it. *Betts* v. *Demumbrune,* Cooke, 48; *Leinau* v. *Smart,* 11 Humph. 308; *Cobb* v. *Wallace,* 5 Cold., 539, 98 Am. Dec., 435; *Lytle* v. *Bass,* 7 Cold., 303; *Stewart et al.* v. *Insurance Co.,* 9 Lea, 104; *Van Leer v. Fain,* 6 Humph., 104.

Nor does it apply in cases where the original contract was verbal and not in writing, and a part only of it was reduced to writing. *Van Leer v. Fain,* 6 Humph., 104; *Dick v. Martin,* 7 Humph., 263; *Mitchell v. Bank,* 8 Humph., 216; *Cobb v. O'Neal,* 2 Sneed, 438; *Cobb v. Wallace,* 5 Cold., 539, 98 Am. Dec., 435; *Bissenger v. Guiteman,* 6 Heisk., 277; *Hicks v. Smith,* 4 Lea, 459; *Breeden v. Grigg,* 8 Baxt., 163; *Waterbury v. Russell,* 8 Baxt., 162; *Brady v. Isler,* 9 Lea, 356; *Barnard v. Roan Iron Co.,* 85 Tenn., 139, 2 S. W., 21.

In *Seitz v. Brewers Refrigerating Machine Co.,* 141 U. S., 510, 12 Sup. Ct., 46, 35 L. Ed., 837, the court said:

"Undoubtedly, the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form any part or parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking were reduced to writing."

In *Adams v. Gillig,* 199 N. Y., 314, 92 N. E., 670, 32 L. R. A. (N. S.), 127, 20 Ann. Cas., 910, the court said:

''An oral restrictive covenant, or any oral promise to do or refrain from doing something affecting the property about which a written contract is made and executed between the parties, will not be enforced, not because the parties should not fulfill their promises and their legal and moral obligations, but because the covenants and agreements being promissory and contractual in' their nature and a part of or collateral to a principal contract, the entire agreement between the parties must be deemed to have been merged in the writing.''

The court, continuing, said: ''A strict enforcement of such rule tends to greater security and safety in business transactions, and leaves less opportunity for dishonesty and false swearing, induced, perhaps, by a change of purpose or a failure to obtain the result that was anticipated when the transaction was originally consummated and reduced to writing. Such rule makes it necessary for the parties to a written contract to include everything therein pertaining to the subject-matter of the principal contract, and if by mistake or otherwise an oral agreement, a part of the transaction, is omitted from the writing, it can only be made effective and enforceable by a reformation of the writing, so that the same shall include therein the entire agreement between the parties. The rule is quite universal that statements promissory in their nature and relating to future actions must be enforced, if at all, by an action upon the contract.''

*Trout* v. *N. & W. Railway Co.*, 107 Va., 576, 59 S. E., 394, 17 L. R. A. (N. S.), 702, was a case where the plaintiff sought to show by parol that the true consideration of a deed, which was recited to be a sum of

money, was, in addition thereto, a contract to build a passway across the property conveyed. The court held that parol evidence was not admissible to show such contract; the court saying:

"No fraud or misconduct is alleged in the declaration in the execution or procurement of the deed in question, and therefore this parol evidence was for the purpose of setting up a prior contract between the parties different from that contained in the deed.

"It is true it is settled law that the consideration actually paid, or promised, can be shown to have been other than that recited in the instrument, or the fact of payment of the consideration agreed upon may be contradicted in an action for its recovery; but is is equally as well settled that parol evidence is inadmissible to alter or contradict the legal import of the deed. Its legal import may no more be contradicted by parol evidence than its actual expression. . . . To add a new covenant by parol proof would be a palpable violation of the familiar rule that written contracts are not to be varied by oral testimony."

Continuing, the court said: "As well stated by the author of Browne on Parol Evidence, supra: 'Parol evidence is incompetent to add any covenant to a deed, or to enlarge or contradict any covenant, or create a reservation.'"

The court further said: "The agreement for a passway over the land conveyed by the plaintiff in error is not collateral, and does not relate to a subject distinct from the land, but is really a part and parcel of the subject conveyed."

McGannon v. Farrell.

In *L. & N. R. R. Co.* v. *Millbanks,* 133 Ga., 15, 65 S.
E., 86, 24 L. R. A. (N. S.), 374, 17 Ann. Cas., 860, it
was held that where one by deed conveys to a rail-
road company, absolutely and unconditionally, a right
of way for the construction of a railroad thereon, it
cannot be shown by a contemporaneous parol agree-
ment that it was a part of the consideration of such
deed that the grantor was to have a permanent right of
way over the land conveyed, and that the company
was to erect and permanently maintain crossings on
the right of way for this purpose, in an action by the
grantor against the grantees to recover damages be-
cause of the failure of the grantee to comply with such
parol agreement. The court said:

"A contract for the right to have crossings per-
manently maintained on the right of way, and the right
to permanently travel thereon, would mean the reser-
vation of an interest in the grantor in the right of
way to which he had conveyed the fee-simple title, and
would be inconsistent with the unconditional owner-
ship thereof, and its free and unrestricted use by the
grantee. It the plaintiff had an agreement by which
the company, in consideration of a deed being made to
it, conveying the right of way, was to erect crossings
and give the plaintiff the right to pass over the same,
such agreement should have been incorporated in the
deed. If the agreement was made and was a part of
the contract, but left out by fraud, accident, or mistake,
the deed might be reformed on proper proceedings
for this purpose."

In *Bransford Realty Co.,* v. *J. B. Deeds and wife,*
Davidson Equity, memorandum opinion filed August

141 Tenn.—41

17, 1916, a bill was filed to recover the amount of a promissory note for $1,500 and interest; the same being one of a series of four notes which were executed by defendants as part payment of the purchase price of a lot in Davidson county, Tenn., conveyed by the complainant to the defendant Frances F. Deeds.

In said deed there were certain restrictions and conditions, among others, "it is agreed that no residence or dwelling house shall be erected or kept on said land costing less than $10,000."

The deed retained a lien to secure the payment of the purchase-money notes, and the bill prayed for a foreclosure thereof.

The defendant undertook to set up, as a defense, a verbal agreement on the part of the complainant, through its agents, to repurchase said lot at the end of any year for five years at cost.

No such agreement was incorporated in the deed, and it was not claimed that it was omitted therefrom by fraud, accident, or mistake.

In passing upon the right of the defendant to set up this alleged oral agreement, the court said:

"By their answer, Deeds and wife admit the execution of a proposition by Deeds and wife to purchase the lot. They admit the execution of the deed in accord with the proposition, and they admit the execution of the purchase-money notes, including the one in suit. These are the written evidence of the transaction between the parties, and on the face of these papers the sale of the lot appears to be absolute in character, and wholly executed so far as concerned the vestiture of title, subject only to a retained lien and the restric-

tions as to the cost of residence, etc. But by the cross-bill it is sought to add to the terms of the contract, evidenced by all these papers, a conditional agreement that the vendor will, at the option of the vendee, within a time specified, repurchase the lot from the vendee at cost, thus in effect converting the transaction into a sale on condition, and varying the plain terms of the deed.''

The court further said: ''The allegation and proof of fraud accident, surprise, or mistake, as the cause of the failure of the parties to incorporate into the written evidence of the transaction the entire contract on the terms of which the minds of the parties met, is indispensable.''

Further authorities could be cited in support of the conclusion reached, but further citation is unnecessary. It is not contended that the defendant, McGannon, was guilty of any fraud in the negotiations for the sale of said property. It is not averred or shown that the failure of the parties to incorporate into the deed the agreement now sought to be set up was the result of fraud, accident, or mistake, and a reformation of the deed is not asked for.

We have carefully examined the cases of *Betts* v. *Demumbrune,* Cooke, 39; *Van Leer* v. *Fain,* 6 Humph., 113; *Leinau* v. *Smart,* 11 Humph., 308; *Lewis* v. *Turnley,* 97 Tenn., 197, 36 S. W., 872; *Hines* v. *Wilcox,* 96 Tenn. 148, 33 S. W., 914, 34 L. R. A., 824, 832, 54 Am. St. Rep., 823, which are relied on by the plaintiffs below to support their contention that parol evidence is admissible to set up and establish the agreement forming the the basis for their suits, and we are of the opinion

that said cases are not controlling. In all of those cases the parol evidence offered in no way contradicted or altered the terms of the written contract, but tended to establish an independent, collateral agreement not in conflict with it.

It results, therefore, that we are of the opinion that said parol agreement cannot be looked to or considered by the court for any purpose, and that both the trial court and the court of civil appeals were in error in not so holding.

It results that the judgments of the lower courts will be reversed, and the plaintiffs' suits will be dismissed, with costs.