Litterer v. Wright.

## C. H. LITTERER *et al. v.* LAWRENCE WRIGHT.*

### (*Nashville.*  December Term, 1924.)

1. **EVIDENCE.** Parol evidence of lessor's agreement to make necessary repairs, contradictory of lease terms, inadmissible.

   Parol evidence that lessor had agreed, prior to execution of lease, to make necessary repairs on premises, directly contradictory of terms of lease, is inadmissible.  (*Post, pp.* 211-213.)

2. **EVIDENCE.** Parol proof of inducing representations to execution of written contract must be limited to matters not otherwise plainly expressed.

   Parol proof of inducing representations to the making of a contract reduced to writing must be limited to matters not otherwise plainly expressed in the writing; the ultimate test being that of contradiction.  (*Post, pp.* 211-213.)

   Cases cited and approved: Hines v. Willcox, 96 Tenn., 148; Waterbury v. Russell, 67 Tenn., 159; Hogg & Belcher v. Cardwell, 36 Tenn., 157; McGannon v. Farrell, 141 Tenn., 644; Bank v. Barbee et al., 265 S. W., 371.

3. **EQUITY.** Refusal to submit issues not called for by pleadings and proof, not erroneous.

   Refusal to submit issues not called for by the pleadings and proof, *held* not erroneous.  (*Post, p.* 213.)

---

*Headnotes 1. Evidence, 22 C. J., section 1506; 2. Evidence, 22 C. J., section 1665; 3. Equity, 21 C. J., section 724.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —Hon. James B. Newman, Chancellor.

John J. Vertrees and Wm. O. Vertrees, for plaintiff.

J. G. Stephenson and T. T. McCarley, for defendant.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an appeal from a decree against a lessee on rent notes. It is insisted that the chancellor erred in failing to submit to a jury five issues. The execution in writing of a lease for a term of years is admitted; but by answer and cross-bill the defendant lessee set up (1) an alleged parol agreement, made prior to the signing of the lease and the rental notes sued on, by which the lessor bound himself to repair or renew a roof on the rented building; and (2) that these repairs were not made, and the roof consequently caved in, to his damage.

For complainants it is said that the first three issues were immaterial, for the reason that they could be sustained only by evidence incompetent because in contradiction of the written instrument, and that issues 3 and 4 were not called for by the pleadings. The chancellor so concluded and gave judgment for complainants. We find no error in his decree.

Conceding the general rule that evidence is inadmissible to contradict a written agreement, it is insisted for defendant lessee that the alleged parol promise of the lessor, made prior to or contemporaneous with the exe-

cution of the lease, to repair or renew the roof, if necessary, was an inducing representation, or consideration, and under authorities cited (*Hines* v. *Willcox*, 96 Tenn., 148, 33 S. W., 914, 34 L. R. A., 824, 832, 54 Am. St. Rep., 823, and others) is within recognized exceptions to the rule and therefore admissible. Neither in *Hines* v. *Willcox*, supra, nor in cases cited in that opinion, did the proof admitted contradict the recitals of the writing. In the Hines case there was no express stipulation, such as we have here, in the written lease executed by the parties, that the ''lessee rents the property herein rented in its present condition,'' and that the lessee ''agrees to make all necessary repairs on the premises herein rented in order to keep same in a proper and safe state of repair.'' Evidence that the lessor had agreed to make necessary repairs on the premises is directly contradictory of the terms of the writing and clearly inadmissible. Parol proof of inducing representations to the making of a contract reduced to writing must be limited to matters not otherwise plainly expressed in the writing. No well-considered case will be found holding otherwise. The fundamental distinction should be kept clearly in mind between the denied right to contradict the terms of the writing, and the recognized right without so doing to resist recovery thereon, or to rely upon matters unexpressed therein. The ultimate test is that of contradiction, which is never permissible. If in *Waterbury* v. *Russell*, 8 Baxt., 159, or in *Hogg & Belcher* v. *Cardwell*, 4 Sneed, 157, cited by Mr. Justice WILKES as supporting the rule that parol evidence is admissible . . . when representations and statements are made as inducements

to the contract, and form the basis or consideration of it,'' the memorandum had not simply ''contained no warranty,'' but had contained an express contrary recital, evidence of contemporaneous parol representations amounting to warranty would have been inadmissible. Recent cases in this court approving and restating the pertinent rule are *McGannon* v. *Farrell*, 141 Tenn., 644, 214 S. W., 432, and *Bank* v. *Barbee et al.* (Tenn.), 265 S. W., 371. It follows that the first three issues were properly rejected.

The last two issues are not supported by the pleadings. The answer and cross-bill fails to charge that the caving of the roof was caused by the complainants, or their agents, which is the substance of these issues. It is alleged that, while working on an adjoining building, the servants of complainants went upon the roof of the leased building and discovered its faulty condition, but not that this caused the caving in. There must be both pleadings and proof. Moreover, it appears from the opinion of the chancellor that counsel for defendant in substance conceded the immateriality of these two issues.

The decree must be affirmed.