WILLIAM G. DEAVER, COMPLAINANT, APPELLEE, *v.* J. C. MAHAN MOTOR COMPANY, DEFENDANT, APPELLANT.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

Bowen & Bowen, for complainant, appellee.

Kennerly & Key and Kenneth Gresham, for defendant, appellant.

Mr. Justice Swiggart delivered the opinion of the Court.

This cause is before us by *certiorari* to the Court of Appeals, heretofore granted on the petition of the original defendant, J. C. Mahan Motor Company.

Deaver purchased an automobile from the Motor Company, under contract of conditional sale. The Motor Company replevied the car, when a deferred payment note was not paid at maturity. Deaver thereupon filed

his bill in this cause, to enjoin the replevin suit. His bill prayed a rescission of the contract of sale for inducing fraud in its procurement, and, in the alternative, prayed for damages for breach of warranty in a sum exceeding the unpaid purchase-money notes.

There was no demurrer to the bill on the ground of repugnancy between the two prayers of the bill (see *Montlake Coal Co.* v. *Chattanooga Co.*, 137 Tenn., 440, 193 S. W. 1057), and the cause was heard by the Chancellor on answer and proof.

The Chancellor and Court of Appeals have concurred in holding that the proof does not sustain the right of rescission. Deaver did not file a petition for *certiorari*, and we are therefore without jurisdiction to review the action of those courts in denying that relief or remedy. *Brenizer* v. *N. C. & St. L. Ry.*, 156 Tenn., 479 (Petition to rehear 494), 3 S. W. (2d), 1053, 8 S. W. (2d), 1099.

The Chancellor and Court of Appeals sustained Deaver's prayer for damages, for breach of warranty, on proof that the automobile was not in good mechanical condition, and particularly that the automobile, not a new one, had been damaged in a collision or wreck, materially lessening its value, and that the seller's agent had represented that the automobile was in good condition and had never been in a wreck; a representation false in fact although made in good faith by the seller's agent.

The written contract of sale, signed by both parties, contained the recital: "The seller guarantees only the title to said automobile to the purchaser and the above constitutes every agreement to be recognized in this transaction."

The answer of the Motor Company to the original bill avers: "A written contract of sale between the defendant and complainant guaranteed only the title to said automobile to the purchaser and constitutes every agreement to be recognized in this transaction."

The Motor Company assigns as error here that the Court of Appeals erred in finding and adjudging that it made any representations or warranties with respect to the automobile, "other than to warrant the title thereto as provided in the written contract of sale;" and in "holding the parol evidence of verbal representations, alleged to have been made as an inducement to the sale of the automobile in question, to be either competent or sufficient, in the face of the express provision of the written contract, to establish the existence of such parol representations."

In sustaining the contention that the warranty as to quality and condition was made, as the basis for the award of damages for its breach, the Court of Appeals said:

"The representations were matter of inducement to the sale and therefore not necessary to be incorporated in the written contract, but competent to be established by parol.

"Representations of the seller as to the quality of property sold are not part of the contract, but inducement to the sale and therefore can be proven by parol as warranties although not mentioned in the written contract. *Hogg* v. *Cardwell*, 4 Sneed, 151, 157; *Waterbury* v. *Russell*, 8 Baxter, 159, 162."

As applied to the facts of this cause, this holding of the Court of Appeals is in direct conflict with *Litterer* v. *Wright*, 151 Tenn., 210, 268 S. W., 624, wherein this Court

said: "Parol proof of inducing representations to the making of a contract reduced to writing must be limited to matters not otherwise plainly expressed in the writing. The fundamental distinction should be kept clearly in mind between the denied right to contradict the terms of the writing, and the recognized right without so doing to resist recovery thereon, or to rely upon matters unexpressed therein. The ultimate test is that of contradiction, which is never permissible."

The Court, in *Litterer* v. *Wright,* referred expressly to the two cases cited in the quoted excerpt from the opinion of the Court of Appeals, and also to the case of *Hines* v. *Willcox,* 96 Tenn., 148, and distinguished them by showing that the contracts there involved simply contained no warranty, so that parol proof of inducing representations did not contradict the writing. It would have been otherwise, the Court said, if the written contracts had contained an express contrary recital. See also, *McGannon* v. *Farrell,* 141 Tenn., 631, 643-644, 214 S. W., 432; *Samuel* v. *King,* 158 Tenn., 546, 14 S. W. (2d), 963.

The written contract before us not only contains an express warranty of title, but by the use of the word "only" expressly limits the warranty to the matter of title; and then stipulates that the writing "constitutes every agreement to be recognized in this transaction." Proof of a previous warranty of quality and condition is in direct and clear conflict with this written stipulation, and is both incompetent and ineffective to alter and change the contract as written.

The respondent contends that the petitioner has waived this defense to the action for damages by failing to object to the competency of the evidence when offered

on the hearing before the Chancellor. But we think that the question made by the assignments of error is more than a mere question of evidence. The contention of the Motor Company, expressly stated in its answer, is that the written contract expresses the entire agreement of the parties, and the rule of law relied upon, as stated in *Litterer* v. *Wright, supra,* is that the writing must prevail over previous or contemporaneous contradictory representations. This is not merely a rule of evidence, but is a "rule of substantive law." Wigmore on Evidence, sec. 2400. So, notwithstanding the failure of the Motor Company to object to the competency of the evidence of previous parol representations, and notwithstanding the concurrent finding of the two courts on such evidence that prior representations were in fact made, the rights of the parties must be adjudicated according to the written contract, the terms of which repudiate any prior representations of quality or condition as items of an agreement between them. In so ruling, we are dealing only with the action as seeking to enforce the contract by recovering damages for breach of warranty, and not as claiming the right to rescind the contract for inducing fraud, all questions of the right of rescission having been settled by the decree of the Court of Appeals adversely to Deaver, as heretofore shown.

The petitioner's assignments of error must therefore be sustained. The decree of the Court of Appeals will be reversed, and the cause remanded to the Chancery Court of Knox County for final decree dismissing the bill, and for any further orders and decrees which the rights of the parties may require. Costs of the appeal and of this court will be paid by the respondent.