R. R. ROGERS *et al.*, COMPLAINANTS, APPELLANTS, *v.* A. O. BATTLE, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1931.)

Opinion filed December 19, 1931.

R. E. Manogue, for complainants, appellants.

Hugh Stanton, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

A petition for a writ of error *coram nobis* was filed by defendant herein seeking relief from a decree obtained against him upon a *pro confesso*. The petition was dismissed on motion and the petitioner has appealed.

The original suit appears to have been for breach of a covenant respecting the title to the fixtures in a drug store sold by defendant to complainants. This transaction was witnessed by a written contract, hereafter more particularly set out.

The petitioner avers that when suit was brought he employed to represent him an attorney, at that time of high standing. Later it developed that this attorney had become involved in various fraudulent transactions and had to leave the City of Memphis. Prior to his exposure, this attorney told the petitioner that he had filed an answer to complainants' bill and the attorney later told petitioner that the suit against him had been withdrawn or dismissed. The first information that petitioner had to the contrary was a notice from the sheriff that an

execution had been issued on the decree obtained upon *pro confesso* as aforesaid.

The petitioner further avers that he has a good defense to the action; that, notwithstanding the language of the contract, it was understood between the parties and he can prove that the sale did not include among the fixtures transferred a certain cabinet which belonged to an ice cream manufacturer and which was rented. It was for failure to get title to this appliance that a recovery was sought and obtained against the petitioner in the original suit.

The motion to dismiss was based upon two grounds; that petitioner did not set up any sufficient reason for not making a defense in the cause; and that the defense disclosed in the petition could not have been entertained, had defendant made his appearance at the hearing.

If we assume on the facts appearing that petitioner was entitled to relief against the consequences of his attorney's negligence, nevertheless we think the chancellor properly sustained the motion to dismiss on the other ground.

The contract for the sale of the store runs as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That, I, A. O. Battle, for the hereinafter recited consideration, have this day bargained and sold, and do hereby transfer and deliver, unto R. R. Rogers and C. C. Rogers, the stock of merchandise, consisting of drugs and sundries, together with all fixtures, now contained in premises located on the northeast corner of McLemore Avenue and Mississippi Boulevard, in the City of Memphis, Tennessee; it being my intent and purpose to sell and transfer, to the said R. R. Rogers and C. C.

Rogers the entire assets of the business by me conducted at said location, and known as Battle or Suburban Pharmacy, save and except accounts receivable, which I retain and reserve, and I do covenant and represent that I am true and lawful owner of the personalty hereby transferred; that no other persons or person, firm, or corporations, have any interest, whatever, therein, or any claim thereon; that I have good right to sell and transfer same; and that the title thereto and the quiet possession thereof I shall warrant forever defend against the lawful claims of all persons whomsoever."

The remainder of the contract is not material to the inquiry before us.

It will be observed that the seller undertakes to transfer and deliver the stock of merchandise, "together with all fixtures;" to convey the entire assets of the business "save and except accounts receivable;" that the seller represents himself to be the "true and lawful owner of the personalty hereby transferred;" and "that no other persons . . . have any interest whatever therein or any claim thereon."

Save as to accounts receivable, language could scarcely be more comprehensive. Everything is included with that exception. *All the fixtures* are expressly included and the seller covenants that no other persons have any interest whatever in or any claim to the personalty.

█ The point of the second ground of the motion to dismiss the petition is that no parol evidence could have been heard to the effect that the ice cream cabinet was not intended to be embraced in the written contract of sale. This, we think, is obviously correct.

In *Litterer* v. *Wright,* 151 Tenn., 210, *First National Bank of Ripley* v. *Barbee,* 150 Tenn., 355, *McGannon* v. *Farrell,* 141 Tenn., 631, this court, of recent years with the idea of promoting greater certainty in business transactions, has indicated a disposition to adhere more closely to the rule that parol contemporaneous evidence is not admissible, to vary, alter or contradict the terms of a valid written instrument.

In *Litterer* v. *Wright, supra,* it is emphasized that such evidence is never admissible if it tends to contradict the provisions of the written instrument.

In *McGannon* v. *Farrell, supra,* the court said that "parol evidence is incompetent to add any covenant to a deed, or to enlarge or contradict any covenant, or to create a reservation."

It is a general rule that "parol or extrinsic evidence cannot be admitted to contradict or vary the terms of the contract. of sale as to the property included therein, or as to the description of such property." 22 C. J., 1117.

The evidence necessary to set up the defense proposed by the petition would be in direct contradiction of the provision of the written contract including all fixtures. Such evidence would be in contradiction of the covenant that no other persons had any interest or claim to the personalty transferred. It would tend to create an exception to that covenant.

There is no ambiguity about property described in the written contract before us, nor any uncertainty in such description. There is, therefore, no excuse nor occasion for parol proof in the interpretation of the contract.

No case of fraud, mutual mistake, or mistake of one party and fraud of the other party in the consummation of this contract appears.

Any knowledge that the purchasers might have acquired from business customs or otherwise as to the title to the ice cream cabinet would be ineffective to relieve the seller of the obligations of his covenant respecting the title thereto. *Brown* v. *Taylor,* 115 Tenn., 1. In this connection, petitioner relies on *Rich* v. *Scales,* 116 Tenn., 57, and *Schwartz* v. *Black,* 131 Tenn., 360. These were cases, however, in which there was an open and adverse possession of real estate and the champerty laws prevented the covenantees from obtaining relief on covenants of title in instruments under which they claimed.

For the reasons stated, the decree of the chancellor must be affirmed.