HERRON v. SOUTHERN TRACTOR COMPANY.

4-4053

Opinion delivered November 25, 1935.

*James G. Coston* and *J. T. Coston,* for appellant.

*G. B. Segraves,* for appellee.

McHANEY, J. Appellee brought this action against appellant to recover a balance on an installment note executed by appellant to appellee for one Caterpillar-D-11,000 Diesel cotton gin engine. Appellee filed an affidavit and bond for attachment, and appellant executed a forthcoming bond and kept possession of the property. Appellant answered the complaint, alleging that said engine was purchased for the purpose of operating a four-stand cotton gin which was known to appellee; that, as an inducement to the purchase of said engine, appellee represented that said engine could and would successfully operate a four-stand cotton gin; that said engine failed to operate such a gin for any length of time until it would give down; that complaint was made to appellee of the failure of said engine to properly operate said gin, and appellee did make adjustments and repairs, but that same refused to operate satisfactorily after the repairs were made, and that he suffered loss on account thereof; that, after it became apparent that said engine would not operate said gin successfully, appellant offered to return said engine to appellee and rescind said sale, which offer was refused, and that the same offer was made after the repairs were made but the offer was refused. Damages were prayed in the sum of $4,700 on a cross-complaint. A demurrer was interposed and sustained to said answer and cross-complaint, and judgment was rendered against appellant and said forthcoming bond in the sum of $2,749.76 with 6 per cent. interest thereon from January 18, 1935, until paid and all costs of the action. This appeal is from that judgment.

Appellant contends that appellee's demurrer should have been overruled and proof heard upon his answer.

820

The record reflects that appellee signed a written order for the machine in controversy which contained the following provisions: "The above-described machine is furnished by us only in accordance with the manufacturer's standard warranty, which is as follows: 'The manufacturer warrants all machines sold by the manufacturer, together with equipment and parts manufactured by the manufacturer for six months after the date of shipment; this warranty being limited to the replacing (without charge, except for transportation) at either its Peoria, Illinois, factory, or its San Leandro, California, factory, upon inspection at either factory, of such parts as shall appear to the manufacturer to have been defective in material or workmanship. The manufacturer's warranty does not obligate it to bear the cost of labor or replacement of defective parts. No warranty is made or authorized to be made by the manufacturer other than that herein set forth. The manufacturer makes no warranty in respect to trade accessories, such being subject to the warranty of their respective manufacturers.' * * *

"It is further understood that no representative or agent has any power to make any additions to or to vary the terms and conditions hereof. This order shall not be binding until it is submitted to and duly accepted by Southern Tractor Company at its office in Memphis, Tennessee, U. S. A., and that, when so accepted, it shall become a Tennessee contract and construed in accordance with the laws of the State of Tennessee." The record further reflects that the order was accepted by appellee and thereafter a written conditional sales contract was entered into which was signed by both parties. Said conditional sales contract contains this clause: "Seller agrees to sell all 'Caterpillar' products described herein and buyer agrees to buy the same without warranty of any kind except the manufacturer's standard warranty printed on the reverse hereof, which warranty buyer hereby accepts in lieu of any warranty by the seller, whether express or implied. No warranties of any kind, whether express or implied, are made by seller with re-

spect to any other products described herein unless indorsed hereon and signed by the parties hereto."

It will be noticed that the parties expressly agreed that the order for the machinery in controversy, when accepted by appellee, should become a Tennessee contract and construed in accordance with the laws of said State. A review of the Tennessee decisions in connection with § 7205, of the 1932 Tennessee Code, convinces us that the trial court correctly sustained the demurrer to appellant's answer, as the alleged misrepresentations amounted to nothing more than express oral warranties, and since the contract between the parties excluded any such oral warranties, appellant cannot contradict the written contract by oral testimony, as to do so would violate one of the fundamental rules of evidence. The answer was therefore open to demurrer. In *Litterer* v. *Wright,* 151 Tenn. 210, 268 S. W. 624, the lessee, under a written contract of lease, attempted to set up a parol agreement that the lessor had bound himself to repair the roof on the building, and that the roof caved in, to his damage. The written lease executed by the parties provided that the "lessee rents the property herein rented in its present condition," and that the lessee "agrees to make all necessary repairs on the premises herein rented in order to keep same in a proper and safe state of repair." In holding that the written lease could not be contradicted by the alleged oral agreement, the court used this language: "Evidence that the lessor had agreed to make necessary repairs on the premises is directly contradictory of the terms of the writing and clearly inadmissible. Parol proof of inducing representations to the making of a contract reduced to writing must be limited to matters not otherwise plainly expressed in the writing. No well-considered case will be found holding otherwise. The fundamental distinction should be kept clearly in mind between the denied right to contradict the terms of the writing, and the recognized right without so doing to resist recovery thereon, or to rely upon matters unexpressed therein. The ultimate test is that of contradiction, which is never permissible." See also *Deaver* v.

*Mayhan Motor Company,* 163 Tenn. 429, 43 S. W. (2d) 200.

The distinction in the cases made by the Supreme Court of Tennessee, under the Uniform Sales Act, is that if the alleged oral representations made at or prior to the sale for the purpose of inducement, amounting to express oral warranties, do not contradict the written contract, they may be proved. But if such representations contradict the writing, then they run afoul of the fundamental rule, and cannot be proved to contradict the express provisions of the written contract.

We therefore hold that the court correctly sustained the demurrer to the answer, and the judgment is accordingly affirmed.