John D. MADDOX et al., Appellants,

v.

WEBB CONSTRUCTION COMPANY, Appellee.

Supreme Court of Tennessee.

Feb. 27, 1978.

Thomas N. Bateman, Clarksville, for appellants.

Albert P. Marks, Marks, Fleming & Marks, Clarksville, for appellees.

## OPINION

FONES, Justice.

Webb Construction Company sued J. D. Maddox for $7,762.80, the alleged balance due on a construction contract to remodel a Goodyear store owned by Maddox. The issue is the balance due plaintiff, if any.

Webb, although admitting he had originally made a bid to perform the work under a fixed price contract, asserted that the contract under which the work was actually performed simply provided that he was to perform alterations on a building at 740 Franklin Street, Clarksville, Tennessee, according to the specifications of the Goodyear Tire and Rubber Company on the basis of cost plus ten (10%) percent.

Maddox's first answer to the complaint admitted the contract as asserted by Webb, admitted making payments thereon for labor and materials furnished, and admitted that Webb had billed for a balance due in the sum of $7,762.80. Maddox denied that the amount asserted by Webb was correct and asserted:

". . . that it contains charges not contemplated by the contract executed on October 2, 1972; includes labor charges not contemplated by said contract; includes labor charges not expended on said job; and includes overhead and other cost items not expended on said job."

There were amendments to both the complaint and the answer prior to a hearing on March 4, 1974, before former Chancellor Regan, as well as a cross-complaint by Maddox, none of which are now material. At the time of the hearing in March, 1974, the only issues made by the pleadings were the correctness of the charges that could fairly be said to be embraced in the above quote from Maddox's answer.

The hearing on March 4, 1974, resulted in an order of reference to the Master of ten (10) specific issues. The order reflects that proof was heard and that based upon the pleadings, the proof and the argument of counsel, the Chancellor formulated the ten (10) issues, and directed the Master to take proof thereon and report his findings to the Court.

The Technical Record contains a document entitled "Motion" filed May 9, 1974. Therein Maddox moved the Court for leave to amend his answer ". . . so as to cause said answer to conform to the evidence adduced at the hearing in this cause. . . ." The motion continues by alleging that Maddox and Webb entered into a written contract on September 5, 1972, wherein Webb agreed to perform the contemplated construction work for $39,631, which included $7,000 for a roof and miscellaneous items that were actually performed

by others; that the cost plus contract dated November 7, 1972, was induced by Webb's assurances that it would cost Maddox less money than the fixed price contract. The motion continued by asserting that Maddox had already paid plaintiff $34,078.95; that as a result of Webb's inducements, and others having performed $7,000 of the original contract figure, it was asserted that defendant's obligation was limited to the sum of $32,631 and therefore plaintiff was not entitled to any recovery.

The Technical Record does not reveal that any action was taken on Maddox's motion filed May 9, 1974. At the time this motion to amend was submitted it was necessary that Maddox secure leave of Court. T.R.C.P. 15.01. No such leave was granted. However, it appears that Webb raised no objection to Maddox's right to make said contentions based upon his failure to plead same, so that under Rule 15.02 Maddox's contention may be treated as if well plead.

On September 17, 1974, the Master filed his report. In summary he found that Webb's final billing of $7,762.80 had overcharged Maddox a total of $2,927.75. The result of the Master's report was that Maddox owed Webb a balance, on the cost plus contract of $4,835.05.

A significant period of time passed during which Chancellor Regan was replaced by Chancellor Hall and Chancellor Hall was killed in a tragic accident. On motion of plaintiff, an order of confirmation was entered on the 15th day of March, 1976, reciting that since no exceptions had been filed to the report of the Clerk and Master dated September 17, 1974, it was in all things confirmed.

On May 3, 1976, a hearing was held before Chancellor Leech, who had signed the order of confirmation in March. The only evidence adduced at the time was the very brief oral testimony of Maddox and Webb. That testimony and an extended colloquy between Court and counsel is in the bill of exceptions. The testimony adduced before the Master was not made a part of the record on appeal.

The learned Chancellor filed a memorandum opinion on September 11, 1976, and a final decree was entered October 7, 1976. He dismissed the plaintiff Webb's complaint. He found that the work was performed under the cost plus ten (10%) percent contract, but that:

"Under this short agreement upon a cost plus basis, plaintiff had a duty to keep a separate account with invoices and time sheets, which it did not do. A reference to the Master was had and from his report, which is unexcepted to, it is evident that this final bill contained many items which were not properly chargeable to this project. At the time this suit was filed the defendant had already paid plaintiff a total of $34,078.95 or $1,447.95 more than plaintiff had agreed to prior to the written cost plus agreement. From the Master's report, the Master had to resort to speculation, this is especially true of the charges for Workmen's Compensation Insurance; State Unemployment tax; and Social Security. It was the duty of the plaintiff to keep accurate accounts of these charges."

The Court of Appeals held that the decree confirming the report of the Clerk and Master was conclusive of all the issues in the lawsuit and awarded a judgment in favor of plaintiff in the sum of $4,835.05. We affirm that decision.

At the May 3, 1976, hearing, counsel for Maddox attempted to convince the Court that two issues remained for adjudication in spite of confirmation of the Master's report, to which Maddox had filed no exceptions. First, it was insisted that Webb had told Maddox the cost plus contract would save the owner money, which counsel urged to be the equivalent of limiting the amount that Maddox would be obligated to pay to a maximum of $32,631. Second, that included in the labor charged to defendant in the Master's report, $13,668.03 was a sum attributable to Robert Webb, the president of Webb Construction Company, and that said sum represented his salary as president for which he performed work other than on the Maddox contract.

On the first issue, Maddox testified that after the fixed price contract was entered into, Webb said, "that he could save me some money by entering into a cost plus— cause I had done the building on a cost plus—I have had a little experience in the past in the cost plus and had no problems."

Webb denied that he had made that statement to Maddox. He testified that Goodyear wanted bids on the work; that he and another contractor entered bids, but that they had an understanding with Maddox that the work would be performed under a cost plus contract; that subsequent to the bidding, at Maddox's request, he executed the cost plus contract which Maddox had typed.

If this dispute could be said to create a material fact issue, in view of the parol evidence rule, the Chancellor made no express finding thereon. We construe his dismissal of the complaint as resting upon dissatisfaction with the quantum and quality of the contractor's records, as reflected by the evidence adduced before the Master. We do not think that the statement that defendant had paid $1,447.95 more than the earlier agreement called for was intended to be an acceptance of Maddox's meager testimony and the theory of counsel based thereon. But, if we concede that to be the case, and further, that the Chancellor's finding be entitled to a presumption of correctness, as is contended by an assignment of error here, the Court of Appeals expressly found to the contrary.

■ Maddox did not claim at any point in his testimony that he and Webb had agreed that the cost plus contract would be limited by the figure in the fixed price contract. He did not even testify that Webb's alleged statement that the cost plus contract would save him money was construed by him to mean that Webb could not charge him more than $32,631. That was counsel's interpretation. In short, the preponderance of the evidence was clearly against Maddox on this issue, and we affirm the Court of Appeals finding thereon.

■ It is equally clear that Maddox's contention violated the parol evidence rule, in that it sought to alter the terms of the written cost plus ten (10%) percent contract. The parol evidence rule in Tennessee is not a rule of evidence merely, but is a rule of substantive law and no exception nor assignment of error is necessary to ensure its application. *Lazarov v. Klyce*, 195 Tenn. 27, 255 S.W.2d 11 (1953); *Deaver v. J. C. Mahan Motor Co.*, 163 Tenn. 429, 43 S.W.2d 199 (1931).

With respect to the second issue, it is clear that it was embraced within the issues referred to the Master. At the May 3, 1976, hearing, although the Chancellor reminded counsel repeatedly that the Master's report had been confirmed and, inferentially, was binding on the parties and the Court, he did direct that a stipulation be filed agreeing upon the specific sum paid to Webb "for his labor." The stipulation was filed and the figure stipulated was $2,395.80. No mention of this stipulation was made in the Chancellor's memorandum opinion or decree. Apparently the Chancellor deemed it unnecessary in view of the dismissal of plaintiff's complaint.

Defendant Maddox acknowledges that the Master's report was binding on the parties at the time of the May 3, 1976, hearing, as to those matters referred to the Master, but insists that the reference did not include a determination of "the propriety of the charges." We are provided no reason why the propriety of the charges was not the underlying purpose of the reference. Question six in the order of reference was: What amount did plaintiff pay for labor expended on defendant's job? The Master's report found: "It appears, based *upon defendant's calculations*, that plaintiff paid approximately $13,668.03 for labor."

In our opinion, that finding was conclusive of defendant's contention that included therein was a sum paid Webb by the corporation for work *not* performed on the Maddox contract. The issue was expressly limited to *labor expended on defendant's job*. The Master expressly stated that the sum found was based on defendant's own calculations.

■ But, if we concede that defendant was not foreclosed, the stipulation, being the only evidence on the issue, does not resolve the matter in favor of defendant. The stipulation was to the effect that if the Court found "that the labor performed by Robert Webb, Sr., is not a legitimate charge," the plaintiff's recovery would be reduced by $2,395.80. The Chancellor made no finding that the labor performed by Webb was not a legitimate charge, and there was no evidence whatever adduced before the Chancellor at the May 3, 1976, hearing upon which he could have made such a finding.

We affirm the judgment of the Court of Appeals. The cause is remanded to the trial court for the entry and enforcement of the judgment. Costs of this appeal to this Court are adjudged against defendant Maddox.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ.