FILED

12/20/2024

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
December 6, 2023 Session Heard at Martin[1]

## PHARMA CONFERENCE EDUCATION, INC. v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Appeals**
**Tennessee Claims Commission for the Western Division**
**No. K20171856      James A. Hamilton III, Commissioner**

———————————————————

**No. W2021-00999-SC-R11-CV**

———————————————————


HOLLY KIRBY, J., concurring.

I concur fully in the majority opinion. I write separately only to elaborate on the admissibility of extrinsic evidence, versus how it may be used.

The extrinsic evidence at issue in this case is Mr. Smith's deposition testimony. During the deposition, the State's counsel asked Mr. Smith whether it was his "understanding that it was within Pharma's ability and Pharma's sole determination to decide what conferences were feasible to produce?" Mr. Smith responded, "Yes." Discussing this evidence, the majority opinion says that evidence of "a party's subjective views on the contract's meaning . . . should not be considered."

Expanding on this point, the question on extrinsic evidence is not so much whether it is admitted, as how it may be used. Often, when a party seeks permission to admit evidence such as deposition testimony, it is unclear to the trial court precisely how the party will eventually seek to use the evidence. Appellate courts will not fault a trial court for initially admitting such testimony into evidence; the focus on appeal is whether the trial court appropriately limited its *use*. As this Court noted in *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, "[t]he question is not really whether evidence can be admitted which might vary the written document, but whether, if the evidence is admitted, it will have the legal effect of varying the document." 566 S.W.3d 671, 696 (Tenn. 2019) (quoting P.S. Atiyah, *An Introduction to the Law of Contract* 161-62 (3d ed. 1981)

---

[1] Oral argument was heard in this case on the campus of the University of Tennessee at Martin in Weakley County, Tennessee, as part of the S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

(quoted at BLACK'S LAW DICTIONARY 1292 (10th ed. 2014) (discussing the parol evidence rule)).

Here, it is unsurprising that Mr. Smith's deposition testimony was admitted into evidence. It was, after all, an admission against interest that facially related to the meaning of a disputed contract term; it may even have been admitted into evidence by consent.

But eventually, it must have become clear to all that the State only sought to *use* Mr. Smith's deposition testimony on his subjective understanding of the contract to bolster the State's argument on the correct interpretation of contractual terms. At that point, we would expect the trial court to decline to consider the deposition testimony on the question of how to interpret the contract. As rightly pointed out by the majority, the deposition testimony about Mr. Smith's understanding did not "put the written terms of the contract into context." *Id*. at 698. Nor did it explain factual testimony about the parties' course of dealing. Mr. Smith's subjective understanding of the contract directly contradicted the contract's text, which required Pharma to produce as many programs "as is feasible"—an objective standard, not a subjective one. Thus, the only purpose for which the State sought to use the testimony was to "vary" or "contradict" the explicit terms of the contract. *Id*.

Even if a trial court has admitted extrinsic evidence without objection, it "is 'incompetent and ineffective' to alter the terms of a written agreement." *Id*. at 696 (quoting *Deaver v. J. C. Mahan Motor Co.*, 43 S.W.2d 199, 200 (Tenn. 1931)). As we have emphasized, "to allow extrinsic evidence to change the terms of the agreement would cast a long shadow of uncertainty over all transactions and contracts." *Id*. at 698 (quoting Steven W. Feldman, 21 *Tenn. Practice: Contract Law and Practice* § 8:18 (June 2018)).

Thus, I agree with the majority that, even though Mr. Smith's deposition testimony was admitted into evidence, it is "incompetent and ineffective" for the purpose the State urges, to change the explicit terms of the parties' written agreement.

_____
HOLLY KIRBY, CHIEF JUSTICE