DEUBEL ET AL. *v.* DEARWESTER ET AL.

(Decided January 13, 1930.)

*Mr. John O. Eckert* and *Messrs. Murphy & Murphy,* for plaintiffs in error.

*Messrs. Cohen, Mack & Hurtig* and *Mr. Robert A. Kramer,* for defendants in error.

Ross, J.   This is a proceeding in error from the court of common pleas of Hamilton county, wherein judgment was rendered in favor of the defendants, Magdalena Dearwester and others, defendants in error in this court.

A suit in ejectment was brought by Mary Deubel and Leo Deubel, her husband, against Magdalena Dearwester, and damages were claimed in the amount of $300.

Magdalena Dearwester filed an answer, being a general denial of the allegations of the petition, and a cross-petition in which it was alleged that her chain of title carried her back to William John, the common grantor of the property owned by the plaintiffs Mary Deubel and Leo Deubel and the defendant Dearwester; the original deed to Dearwester's prop-

erty from the common grantor having been made previous to that conveying the property now owned by the plaintiffs. The successive grantees, in the several chains of title of the plaintiffs and defendant Dearwester, were made parties defendant.

It was further alleged in the cross-petition that the original grantor, John, had erected a house and placed a cement walk and fence upon the property now owned and occupied by the defendant Dearwester, and that it was through the physical occupation of these improvements that encroachment was made upon the property of the plaintiffs.

The defendant Dearwester prayed for a reformation of the description of the several properties contained in the deeds, constituting the chain of title of both parties.

The evidence showed that William John originally owned a number of adjacent lots; that upon one of these lots he erected a building, with a sidewalk and fence appurtenant thereto. He conveyed the lot upon which this building and appurtenances had been placed to a predecessor in the chain of title of the defendant Dearwester. The description of the property, however, placed a line of division between this property and that belonging now to plaintiffs Mary Deubel and Leo Deubel, and then owned by John, some four feet north of the southernmost edge of the improvements. Thereafter John conveyed to a predecessor grantor of the plaintiffs the lot adjoining the defendant Dearwester's lot on the south, and in the description in this deed placed the line dividing these two lots four feet northwardly beyond the south line of the improvements, the result being that the house and the improvements lapped over

four feet upon the premises conveyed by John's grantee to the plaintiffs Mary Deubel and Leo Deubel.

It is contended that there was no mistake in the descriptions.

We think that the physical presence of the house and improvements upon the property conveyed by the original grantor indicated beyond question that the grantor intended to convey all the premises occupied by said improvements to Magdalena Dearwester's predecessors in title, and, such deed having been made while the original grantor John still owned both lots, that subsequent grantees of the adjacent lot, now owned by the plaintiffs, took title to such adjacent lot impressed with that intention manifest by the physical occupation of the premises.

The court of common pleas reformed the several deeds involved in both chains of title to correspond with this intention, and we find no error in this judgment.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.