Jᴀᴍᴇs H. Cʟᴀʏᴛᴏɴ et al., Appellants,

*v.*

Kᴀʀʟ E. Hᴀᴜʀʏ et al., Appellees.

452 S.W.2d 865.

(*Nashville,* December Term, 1969.)

Opinion filed April 6, 1970.

RICHARD D. SPEIGHT, Nashville, GOODPASTURE, CARPENTER, WOODS & SASSER, Nashville, of counsel, for appellants.

CHARLES H. WARFIELD, Nashville, WARFIELD, ENTREKIN & JONES, Nashville, of counsel, for appellees.

MR. SPECIAL JUSTICE W. J. SMITH delivered the opinion of the Court.

The appellants, James H. Clayton and wife; Edward B. Gore and wife; Billy Gene Hollingsworth and wife; John A. Turpin and wife; and Stewart P. Williams and wife filed their bill against Karl E. Haury and Reese L. Smith, Jr., individually and as agents of Haury & Smith Development Co., H. Lynn Greer, Jr., individually and as president of Guaranty Realty Co., Frank G. Clark, individually and as president of Sweeney Clark Realty

Co.; Henry Hudson, individually and as president of Hudson & Driver Construction Co., and Ervin M. Entrekin, under the joint adventure name of Warner Park Estates Co., and Jim Hibbett, an agent of Haury & Smith Development Co. seeking an injunction restraining appellees from selling, conveying or encumbering "that portion of the land conveyed to defendants' joint venture by deed from Madison P. Jones, et ux, of record in Book 3618, page 363, Register's Office of Davidson County, which is bordered on the north by the back line of lots 394, 395, 396, 397, and 398, Harpeth Valley Park, Section III, on the south by the Harpeth River * * * or from doing any act which would interfere in any degree with complainants' rights to use and enjoy that portion of said land which borders on their respective lots, or to have free access to the Harpeth River."

The bill alleges that defendants entered into a joint venture known as Warner Park Estates Co. to subdivide and develop 455 acres of land located in Davidson County. This tract was subdivided into some 399 lots. Appellants purchased lots nos. 394, 395, 396, 397, and 398, located on Harpeth Knoll Road, "and all backed up to the Harpeth River, although the back lines of the lots in fact are located approximately 60 to 80 feet from the near side of the river."

Appellants after examining several lots concluded that they would purchase the river lots and upon "inquiry about the land between their back lines and the river, Hibbett advised them that it belonged to the Corps of Engineers and was flood control land, and they, * * * would always have access to it and use of it."

Subsequently appellants entered into written contracts for the purchase of lots 394, 395, 396, 397 and 398, and

for the construction of residences on the respective lots. Subsequently, deed conveying the respective lots to appellants were executed. Not any of the respective deeds call for boundary on Harpeth River, but each lot is described by a certain number of front feet and depth.

The bill alleges that the statements of Hibbett induced them to sign their contracts of purchase, and they are not advised as to what use the land between their lots and the river will be used, so they stand to lose access to the Harpeth River.

The defendants below, appellees here, interposed a demurrer to the bill upon the grounds (1) that the bill shows on its face that their cause is barred by the statute of frauds; (2) that the bill does not allege any promise or contract, oral or written, by defendants to convey an easement or any right to said land; (3) that injunctive relief is not proper, and if due anything, they have a remedy for damages or rescission of contract; (4) because the bill does not state a cause of action; and (5) that any alleged oral conversation between the parties became merged in the written contract.

The Chancellor sustained the several grounds of the demurrer, dissolved the injunction and dismissed the bill.

An injunction to restrain appellees from selling the strip of land between their respective lots and the river is the remedial part of the bill, in fact, there is no other relief sought.

Many affidavits by appellants purporting to give statements made by some of appellees as to the use of the strip of land in question were filed on the hearing of the demurrer, notwithstanding the allegation of the bill that

Hibbett "advised your complainants that the back line of the lot would be some 75 feet from the river. Complainants asked who owned the land between the lot and the river * * * Hibbett responded that this land was owned by the U. S. Army Corps of Engineers and used for flood control purposes."

Appellants are not seeking relief for fraud and deceit, nor for an easement over the strip of land between their respective lots and the river; nor for a reformation of their deeds of conveyances, nor for a rescission. An injunction restraining defendants from selling, conveying or encumbering, "or from doing any act which would interfere in any degree with complainants' rights to use and enjoy that portion of said land which borders on their respective lots, or to have free access to the Harpeth River", that being the sole relief prayed for.

■ Any representations claimed by appellants to have been made by the real estate agent with reference to the strip of land back of the lots must be deemed to have been merged into the written contract or deed. This is not merely a rule of evidence, but is a rule of substantive law.

■ The general rule is that parol evidence is not admissible to contradict a written agreement, whether simple or by deed. *Bedford v. Flowers*, 30 Tenn. 242; *Ellis v. Hamilton*, 36 Tenn. 512; *Bryan v. Hunt*, 36 Tenn. 543; *Stewart v. Phoenix Insurance Co.*, 77 Tenn. 104; *McGannon v. Farrell*, 141 Tenn. 631, 214 S.W. 432. The ultimate test is that of contradiction. *Litterer v. Wright*, 151 Tenn. 210, 268 S.W. 624.

■ As said in *Brown v. Brown*, 45 Tenn.App. 78, 94, 320 S.W.2d 721, the rule announced in many of our early

Tennessee cases has been consistently followed. One of these cases in *Littlejohn v. Fowler,* 45 Tenn. 284, where it was said that parol evidence cannot be admitted to contradict or vary the terms or to enlarge or diminish the obligation of a written instrument or deed, except on grounds of fraud, accident or mistake. Neither fraud, accident or mistake is charged in the bill.

The bill does not allege that defendants agreed or contracted to sell the strip of land on the river, but on the contrary the agent stated it was owned by the U. S. Corps of Army Engineers for flood control purposes.

█ A plan of the subdivision in which the lots were located was of record in the Register's Office of Davidson County. This plan gave the location, width and depth of all of the lots. Appellants had constuctive notice of the plan and dimension of the lots which were also described in the respective deeds, T.C.A. sec. 64-2602; *Wilkins v. McCorkle,* 112 Tenn. 688, 696, 80 S.W. 834.

The decree of the Chancellor is affirmed.

DYER, CHIEF JUSTICE, CRESON and MCCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.