907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CHEN and Jenet Shen, Plaintiffs-Appellants,
v.
R.C. ALEXANDER; Doris Alexander and Sovran Bank,
Defendants-Appellees.
 No. 89-5700.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This matter comes before us on appeal from a dismissal for failure to state a claim against the defendants. For reasons stated below, we affirm.
 
 I.
 
 2
 Plaintiffs David Chen and Jenet Shen contracted with R.C. and Doris Alexander (Sellers) on July 31, 1985, to buy Sellers' farm in Spring Hill, Tennessee, in anticipation of the arrival there of the Saturn plant. Plaintiffs placed $100,000 earnest money in escrow pursuant to an agreement dated August 7, 1985. The escrow agreement contained no provision for the disposition of the escrowed funds should the sale not occur; however, it provided that the money would be tendered to the Sellers either at the closing, or in the event of a default by the plaintiffs. Closing on the sale was scheduled to occur on January 3, 1986.
 
 
 3
 Between the date of the contract and the date scheduled for closing, Sellers were drawn into a suit brought by a third party, 60 Ivy Street Corporation (60 Ivy Street), which sought specific performance on an alleged prior agreement by Sellers to convey the property to it. On December 24, 1985, plaintiffs and Sellers executed an addendum to the sales contract which postponed the closing on the sale pending the outcome of the suit brought by 60 Ivy Street.
 
 
 4
 The addendum required plaintiffs to remain obligated to close the deal within 30 days of notice from Sellers that the 60 Ivy Street suit had been resolved and the sale could proceed. The recitals to this addendum stated that while Sellers "felt" that they would succeed on a summary judgment motion then pending in the 60 Ivy Street suit, in time to close as scheduled, the addendum was intended to allow for a closing at an indefinite future date "should the matter not be resolved" by the date set for the closing.
 
 
 5
 Eighteen months later, the 60 Ivy Street suit was remanded to the trial court after an appeal and reversal, and plaintiffs entered into negotiation with Sellers for the rescission of the sales contract and the return of plaintiffs' escrow deposit. A mutual release and termination (the Release) between plaintiffs, Sellers, and the real estate broker, was drawn up by plaintiffs' counsel. The agreement purported to release all of its signatories from any claims held by the others and terminate the sales contract.
 
 
 6
 Sellers signed a copy of the Release on January 22, 1988, and forwarded it to plaintiffs. However, the broker proved unwilling to enter into the Release, which would have required the forfeiture of a $150,000 commission. The broker's refusal was communicated to plaintiffs by a letter dated February 8, 1988.
 
 
 7
 In September, 1988, Sellers notified plaintiffs of resolution of the 60 Ivy Street litigation and Sellers' readiness to close the sale, and set a closing date 30 days following. In response, plaintiffs informed Sellers that they refused to consummate the sale, in reliance upon the Release both had executed. The escrowed earnest-money deposit was subsequently released to Sellers. Plaintiffs thereupon brought suit against Sellers for constructive fraud, negligent misrepresentation and breach of contract, and against the escrow agent, Sovran Bank, for negligent breach of fiduciary duty in releasing the escrowed funds.
 
 I.
 
 8
 To prevail on a motion to dismiss for failure to state a claim, the defendant has the burden of showing that the plaintiff "can prove no set of facts in support of [the] claim which would entitle [plaintiff] to relief." Fed.R.Civ.P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on the motion, the factual allegations of plaintiffs' complaint are taken as true. Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir.1989).
 
 
 9
 Plaintiffs apparently do not dispute that they must show a valid release agreement to excuse their own failure to close. They first allege a prior oral agreement with Sellers to terminate the sales contract and release each other from all claims. Plaintiffs' brief states:
 
 
 10
 [T]he parties were able to finally reach an agreement on November 12, 1987, to release each other from the sales contract. Plaintiffs further allege that at no time did the Alexanders represent to them that they needed the consent of their broker, Inman, in order for there to be a binding agreement as between them.... [T]here was a legal duty o[n] the part of the Alexanders to disclose this or any other condition attached to their assent to release the Plaintiffs.
 
 
 11
 The plain answer to this is that parol evidence of a prior oral agreement is barred when the agreement is subsequently reduced to an unambiguous, integrated writing, absent fraud or mistake. Clayton v. Haury, 224 Tenn. 222, 452 S.W.2d 865 (1970); Rentenbach Engineering Co. v. General Realty Ltd., 707 S.W.2d 524 (Tenn.App.1985).
 
 
 12
 That status of the broker in plaintiffs' Release is not ambiguous. In addition to the title, numerous clauses of the Release refer to its covenants as mutual among all of the parties, and the signature of the broker was required to execute the agreement. Paragraph 4 states that the agreement is not made in reliance upon the representation of any party, and Paragraph 6 states that the Release contains the entire agreement of the parties. Because the Release is both unambiguous and fully integrated as a matter of law, plaintiffs may not present evidence that contradicts its terms.
 
 
 13
 In an attempt to raise the parol evidence bar, plaintiffs argue additionally that Sellers worked a "constructive fraud" upon them by, allegedly, concealing that their consent was conditioned on broker's. No claim for fraudulent concealment can be made out, however, as to a term which ended up in the written contract.
 
 
 14
 Plaintiffs' second claim is, apparently, that they were fraudulently induced to draft the Release (which, through the parol evidence rule, superceded the prior oral agreement), by defendants' representation that the broker would consent. The obvious risk of broker's refusal should have been apparent to plaintiffs.[1] Regardless, however, of whether the broker was certain to consent, plaintiffs were aware that the terms of the Release differed from the terms of the prior oral agreement, and thus they knowingly, not fraudulently, waived the prior agreement in drafting the new one. As the Release embodies the most recent agreement of the parties, and was not executed, plaintiffs were not excused from closing the sale. Dismissal was properly granted as to Sellers, since the plaintiffs stated no claim entitling them to legal relief.
 
 
 15
 Plaintiffs also challenge the District Court's dismissal of the claim against Sovran Bank, as escrow agent, on grounds that it was derivative of the claim against Sellers. The escrow agreement makes clear, however, that the claim against Sovran Bank requires resolution of the same issues as the case against the Sellers. The escrow agreement provided that "[s]hould the purchasers default, all sums held by the co-escrow agent shall be immediately tendered to the [Sellers] after written notice of default relieved (sic) by [Sovran Bank]." The propriety of the bank's action therefore depends upon whether plaintiffs had in fact defaulted on the sales contract at the time of Sovran Bank's release of the escrow fund. As we have held in connection with our discussion of plaintiffs' claims against Sellers that plaintiffs breached the sales contract in refusing to close, Sovran Bank accordingly acted properly in releasing the escrow fund to Sellers.
 
 
 16
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Some state courts have ruled that such a statement cannot be an actionable "misrepresentation," since it is not a statement relating to a present fact, but the Tennessee courts have not addressed this question