IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 9, 2005 Session

## DIANE WORLEY v. WHITE TIRE OF TENNESSEE, INC., and GAZAZBO, L.L.C.

**Direct Appeal from The Law Court for Sullivan County**
**No. C11134      Hon. Richard E. Ladd, Judge**

---

**No. E2004-02025-COA-R3-CV  - FILED JULY 22, 2005**

---

The Trial Court entered Judgment for plaintiff for damages from destruction of road over easement and reformed deed.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the County Law Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Russell W. Adkins, Kingsport, Tennessee, for appellant, Gazazbo, LLC.

Mark S. Dessauer, Kingsport, Tennessee, for appellant, White Tire of Tennessee, Inc.

Shelton B. Hillman, Jr., Bristol, Tennessee, for appellee.

## OPINION

In this action, plaintiff alleged defendants White Tire of Tennessee, Inc.("White") and Gazazbo, L.L.C., ("Gazazbo") trespassed on her property or ignored her easement, and slandered her title.  Following trial, the Trial Court entered Judgment for plaintiff and all parties have appealed.

In the Complaint, plaintiff alleged that she had bought a 20 acre tract of land from White Tire and alleged that in the deed White Tire retained the right to use a 50 foot right-of-way to access their adjoining property.  Further, that there was a 15 foot wide gravel road inside the easement on the parcel of property that she purchased, and that she used the property from 1993 to

April 2000 as both a residence and a commercial trucking operation.

In October 1999, she alleged that White Tire sold the tract it had already sold to plaintiff along with the tract it still owned to Gazazbo. Gazazbo informed plaintiff that it intended to grade over the gravel road and terminate plaintiff's use of the same, in the face of plaintiff's advices that she was entitled to use the roadway. Further, in April 2000, Gazazbo dug up the gravel road and denied plaintiff access to her home and business.

Additionally, plaintiff alleged that White Tire had misrepresented the location of the gravel road, and that the deliberate destruction of the road, amounted to a slander of title, and she sought judgment for damages and an injunction. After defendants answered denying the allegations of the Complaint, plaintiff amended her Complaint seeking a rescission of the purchase of the property from White Tire, asking for her purchase price plus all cost of improvements.

Following a lengthy trial, the Trial Court entered a Judgment, finding that plaintiff failed to carry her burden of proof regarding rescission, slander of title, or creation of an implied easement. The Court did find that plaintiff was entitled to the reasonable rental value of her property from Gazazbo, with the proper amount to be decided by a special master, and that plaintiff was also entitled to damages of $12,000.00 from White Tire, plus prejudgment interest. The Court reformed the deed to plaintiff from White Tire, to set the boundary line along the path of the old road.

In its Memorandum Opinion, the Trial Court found by clear, cogent, and convincing evidence that there was a mutual mistake of fact with regard to the original deed to plaintiff, such that both parties intended that plaintiff would own the road and not just the 50 foot strip. The Court noted that defendants did not call anyone to refute that testimony, and that Bruce Cross, a part owner of Gazazbo, which was in the business of property development, testified that he did not know where the boundaries were. The Court ordered reformation of the deed from White Tire to Worley so that the boundary would be with the road, and found that Gazazbo was not an innocent purchaser because it was on notice that plaintiff claimed the road was the boundary, yet it proceeded to develop the property at its own risk. Moreover, the development of the property occurred after this action was filed, and after Gazazbo was on notice that this was an issue.

The Court's Special Master determined that Gazazbo owed rental value to plaintiff of $1,050.99, plus interest, which report was confirmed by the Court. A Final Judgment was entered reflecting these values, and these appeals ensued.

Defendants argue that it was improper for the Trial Court to grant the remedy of reformation when the plaintiff did not plead such in her Complaint.

Plaintiff's Complaint repeatedly asserts that the gravel road was on her property, and that the survey at the time she viewed the property showed the road being on her tract and that all parties to the transaction acknowledged that the road was on her tract. Plaintiff then asked the Court to require defendants to "prepare proper documents for recording recognizing Plaintiff's ownership

-2-

and/or implied easement in said graveled road".

> As we have held:
>
>> While we recognize that the adoption of the Tennessee Rules of Civil Procedure greatly relaxed the requirements as to pleadings, pleading of some facts giving rise to a claim for relief is still a necessary requirement. See *W & O Constr. Co. v. City of Smithville*, 557 S.W.2d 920 (Tenn.1977). The adverse party is entitled to have sufficient notice to inform him of the allegations he is called upon to answer.

*Jasper Engine and Transmission Exchange v. Mills*, 911 S.W.2d 719, 720 (Tenn. Ct. App. 1995).

In this case, the plaintiff pled facts giving rise to a claim for reformation, and she also asked for that relief in her prayer, though not specifically by name. Given the standard for pleading under the requirements of Tenn. R. Civ. P. 8, we conclude plaintiff's Complaint is sufficient to state a claim for reformation. *See, e.g.*, *Adams v. Carter County Mem. Hosp.*, 548 S.W.2d 307 (Tenn. 1977); *Williamson County v. Twin Lawn Dev. Co.*, 498 S.W.2d 317 (Tenn. 1973); *Lamons v. Chamberlain*, 909 S.W.2d 795 (Tenn. Ct. App. 1993).

Gazazbo additionally asserts that it was improper for the Trial Court to order reformation where Gazazbo was an innocent purchaser of the property and was not a party to the transaction between plaintiff and White Tire.

We have also previously stated that reformation of a deed for mutual mistake "is an action in equity and will not lie if it affects intervening rights of third persons who actually and justifiably rely upon recorded instruments." *Minton v. Long*, 19 S.W.3d 231, 241 (Tenn. Ct. App. 1999).

In this case there is no proof that Gazazbo actually and justifiably relied on the recorded instruments. In fact, Cross testified that he purchased the property having no idea where the boundaries were, saw the road and plaintiff's use of same, did not have a survey done until some months after he had purchased the property, and only after the survey learned that the road crossed the corner of his property. Where a party has notice of the mistake, or there are facts/circumstances which would put a reasonable person on notice that a mistake has occurred such that inquiry would be prudent, then that party is typically not considered an innocent purchaser and the deed may be reformed as against that person. *Johnson v. Johnson*, 67 Tenn. 261 (1874); *see also Smotherman v. Blackwell*, 261 S.W.2d 782 (Ark. 1953); *Shelor v. Witt*, 387 N.E.2d 18 (Ill. App. Ct. 1979); *Sargent v. Coolidge*, 433 A.2d 738 (Me. 1981); *Walters v. Tucker*, 308 S.W.2d 673 (Mo. 1957); *Deubel v. Dearwester*, 172 N.E. 640 (Ohio Ct. App. 1930); *Zink v. Davis*, 277 P.2d 1007 (Or. 1954).

With Cross' admission that, at the time he purchased the property, he did not know where the boundaries were, and observed the road and plaintiff's use, and that it was the only way in to plaintiff's property, the Trial Court correctly concluded that Gazazbo was not an innocent

purchaser and that reformation of the deed was appropriate.  This issue is without merit.

Finally, Gazazbo argues that the facts do not support reformation, which requires clear and convincing evidence.  The proof was that plaintiff and her husband were both told by White Tire's agent that the roadway/driveway was included in the tract of land they were purchasing.[1]  They were further shown survey flags which supported the idea that the driveway was encompassed by their property, and the testimony of plaintiff's daughter and former brother-in-law bolstered this proof.  More importantly, the attorney who was employed by White Tire to draw up the deed with respect to this transaction testified that he was told by White Tire's agent that the roadway was completely within the plaintiff's boundary, and thus there was no need to refer to it in the deed because it was on the tract being conveyed to plaintiff.  There is no contradiction of this testimony by any agent/witness of White Tire.  Given the state of the record, there was clear and convincing evidence and uncontradicted proof that there was a mutual mistake in the drafting of the subject deed.  Therefore, the Trial Court properly granted plaintiff reformation of the deed to comport with the parties' intent.

Next, defendants argue that the Trial Court erred in admitting parol evidence to contradict the terms of the deed.  As our Supreme Court has previously explained:

> The general rule is that parol evidence is not admissible to contradict a written agreement . . . As said in *Brown v. Brown*, 45 Tenn. App. 78, 94, 320 S.W.2d 721, the rule announced in many of our early Tennessee cases has been consistently followed.  One of these cases is *Littlejohn v. Fowler*, 45 Tenn. 284, where it was said that parol evidence cannot be admitted to contradict or vary the terms or to enlarge or diminish the obligation of a written instrument or deed, *except on grounds of fraud, accident or mistake.*  (Emphasis supplied).

*Clayton v. Haury*, 452 S.W.2d 865, at 867-8 (Tenn. 1970).  Thus, defendants' contention that parol evidence is normally not allowed to contradict the terms of a written document is correct, except where there is fraud or mistake, as here.  In these situations, parol evidence is admissible.  *Id., see also GRW Enterprises , Inc., v. Davis*, 797 S.W.2d 606 (Tenn. Ct. App. 1990); *Brown v. Brown*, 320 S.W.2d 721 (Tenn. Ct. App. 1958).  This issue is also without merit.

The Court assessed damages of $12,000.00 against White Tire, apparently based on the estimate plaintiff received regarding the cost of building a new access road.  The Court stated that it found that "it was all White's fault" and thus the Court assessed the damages for the building of the road against White.  The evidence does not preponderate against the Court's award either in the finding of White's liability, or in the amount of damages assessed.  The proof established that White intended to convey the disputed property to plaintiff, but failed to do so, and it failed to rectify the

---

[1] The tract plaintiff purchased was part of a larger tract owned by White Tire, of which it retained a portion, so the tract plaintiff owns was not a separately-deeded tract before this transaction.

situation when it was brought to its attention. There was no proof to the contrary. Moreover, the amount of damages was based upon an estimate plaintiff received regarding the cost to rebuild the road, and this proof was undisputed by White.

White also argues the Trial Court should not have awarded damages in addition to reformation, because plaintiff was made whole by the award of the disputed property. This argument ignores the fact that plaintiff no longer has an access road to her property where one previously existed, and another road will have to be built, which is an out-of-pocket expense to plaintiff which she would not otherwise have incurred. Plaintiff was not made whole by the reformation alone, and the road was destroyed through no fault of hers, which the Trial Court found to be the fault of White Tire. This issue is without merit.

Plaintiff argues the Trial Court should have found defendants liable for slander of title, and awarded damages accordingly. *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999), sets forth what a plaintiff is required to prove to establish a successful claim for slander of title. In *Brooks*, we found that the unsuccessful defendant had a good faith basis for their assertion of title and that they were conveyed the property in question by a purported owner who also owned adjacent property. *Id.* We found that there was no malice shown when one acted on good faith claim of title, even if the claim was determined to be erroneous. *Id.* In this case, Gazazbo relied upon the deed given to it by White Tire and the subsequent survey, and while the circumstances should have put Gazazbo on notice regarding the dispute about the roadway before it destroyed the same, the evidence does not necessarily establish malice on Gazazbo's part, since there was evidence of a good faith basis for claiming the property. Likewise, there was no proof that White Tire acted maliciously. The evidence does not support a claim for slander of title.

Further, plaintiff argues that the Trial Court erred in failing to find Gazazbo liable for trespass or intentional destruction of the roadway, but cites no authority for this contention. As we have recognized, "Failure to cite authority for propositions in arguments submitted on appeal constitutes waiver of the issue." *Messer Griesheim Industries, Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 474 (Tenn. Ct. App. 2003). The only case cited by plaintiff with regard to this issue does not deal with trespass, but does state as follows:

> In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a). "Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal."

*Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001)(citations omitted). This issue was waived by the plaintiff's failure to cite authority or develop her argument in relation to such authority.

Finally, plaintiff argues that an award of punitive damages was warranted in this case,

and that the trial court erred in failing to do so. It is "established law that an award of punitive damages lies within the discretion of the trier of facts." *Whittington v. Grand Valley Lakes, Inc.*, 547 S.W.2d 241, 243 (Tenn. 1977).

The Trial Court in this case found no basis for punitive damages, and this finding is appropriate, since there was no clear and convincing evidence that defendants' conduct was intentional, fraudulent, malicious or reckless. The Trial Court did not abuse its discretion in failing to award punitive damages in this case. *See also, Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896 (Tenn. 1992).

We affirm the Judgment of the Trial Court and remand, with the costs of the appeal assessed one-half to plaintiff and one-half to the defendants White Tire of Tennessee, Inc., and Gazazbo, LLC., jointly.

_____
HERSCHEL PICKENS FRANKS, P.J.