# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 10, 2016 Session

## MITCHELL HUNTER OAKES v. PATRICIA MARIE OAKES

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2013-PF-3362     Sam E. Benningfield, Jr., Judge**

_____

### No. E2016-00274-COA-R3-CV-FILED-DECEMBER 28, 2016

_____

In this divorce case, Mitchell Hunter Oakes appeals the trial court's division of the marital estate. Husband's appellate brief contains no case citations or references to the record. Furthermore, there is no authority cited other than the statute addressing a division of marital property. These multiple deficiencies are clear violations of Tenn. R. App. P. 27(a). In addition, Husband's brief does not contain a table as required by Court of Appeals Rule 7. As we have held on numerous occassions, deficiencies such as these constitute a waiver of any issues raised by the offending party. Because of these omissions, this appeal had no reasonable chance of success. Accordingly, we agree with his former spouse, Patricia Marie Oakes, that his appeal is frivolous in nature. Therefore, Wife is entitled to recover from Husband her reasonable fees and expenses incurred on appeal. Appeal dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded
for Further Proceedings**

CHARLES D. SUSANO, JR., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Mitchell Hunter Oakes, Crossville, Tennessee, appellant, pro se.

Randal R. Boston, Crossville, Tennessee, for the appellee, Patricia Marie Oakes.

**OPINION**

1

## I.

The parties were married on July 4, 2009. No children were born to their union. Husband filed for divorce on May 23, 2013. On December 23, 2013, the trial court granted the parties a divorce on stipulated grounds, reserving the issue of the division of marital property. That issue was heard on November 30, 2015. The only witnesses were the parties. Husband represented himself at trial and on this appeal.

The trial court entered an order dividing the marital estate on January 4, 2016. The court awarded Wife casualty insurance proceeds of $197,000, resulting from a total fire loss of their mobile home. This award was burdened with the mortgage debt, which totaled approximately $132,500. Husband was ordered to reimburse Wife approximately $19,500 of the mortgage debt. The trial court awarded Husband real property, which consists of 89 acres. The mobile home was previously situated on that property. The court did not place a value on the real property. Husband estimated its value at $172,000, and Wife said she thought it was worth $187,000. The trial court divided the value of Husband's pension, *i.e.*, $303,894.68, equally between the parties. Each party received the personal property in his/her possession. Wife received two storage trailers, valued by Husband respectively at about $4,700 and $7,300. Husband timely filed a notice of appeal.

## II.

Husband presents the following issue, as quoted verbatim from his brief:

> Whether the Probate and Family Court erred in holding that [Wife] was entitled to both trailers as one was taken out of the property dispute by the [trial court] prior to the final order, awarding one half of complete retirement annuity although marriage was only 3 years and 10 months of total contributions, awarding monies from the interpleader[1] that [Wife] was not named on the insurance policy, awarding reimbursement of loan payments on property to [Wife], failing to award [Husband] his own personal property or to allow filing of the trial brief and exhibits as a motion was entered the day prior to a holiday and no working day prior to final hearing.

---

[1] In an earlier separate action, Homesite Insurance Company paid into court the aforesaid homeowner's insurance proceeds of $197,000.

2

# III.

Wife argues that Husband's brief does not comply with Tenn. R. App. P. 27, pointing out that "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). We agree. Husband's brief lacks a single citation to the record. Instead, he refers us to numerous "exhibits" attached as an appendix to his brief. These are photocopies of various documents, some of which appear to be copies of documents entered as trial exhibits. There are no references in Husband's brief to the pages in the record where these exhibits were introduced. A fair number of these documents appear to be copies, the original of which are not contained in the record. Husband's brief also lacks any citation to legal authority other than Tenn. Code Ann. § 36-4-121, the marital property division statute. As we observed in *Bean*, Rule 27(a)(6) requires a statement "setting forth the facts relevant to the issues presented for review *with appropriate references to the record*." *Id.* at 54 (emphasis added). Rule 27(a)(7)(A) requires argument "*with citations to the authorities and appropriate references to the record* (which may be quoted verbatim) *relied on*." *Id.* (emphasis added). Moreover, Court of Appeals Rule 6(b) provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

*Id.* We concluded in *Bean* that "[p]laintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Id.* at 55. This principle has been followed and applied many times. *See, e.g.*, *Murray v. Miracle*, 457 S.W.3d 399, 403-04 (Tenn. Ct. App. 2014); *Chiozza v. Chiozza*, 315 S.W.3d 482, 488-89 (Tenn. Ct. App. 2009); *Worley v. White Tire of Tenn., Inc.*, 182 S.W.3d 306, 311 (Tenn. Ct. App. 2005); *Messer Griesheim Inds. v. Cryotech of Kingsport,* 131 S.W.3d 457, 474 (Tenn. Ct. App. 2003). In addition, Court of Appeals Rule 7 requires the following in appeals of divorce cases involving distribution of marital property:

> (a) In any domestic relations appeal in which either party takes issue with . . . the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of

facts or in an appendix, a table [that] shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

In *Forbess v. Forbess*, 370 S.W.3d 347, 354-55 (Tenn. Ct. App. 2011), we said the following:

> In the recent case of *Harden v. Harden*, No. M2009–01302–COA–R3–CV, 2010 WL 2612688 (Tenn. Ct. App. June 30, 2010), this Court discussed the Rule 7 Table:
>
> > This Court has previously held where an appellant fails to comply with this rule, that appellant waives all such issues relating to the rule's requirements. This Court is under no duty to search a trial court record in order to discern the valuation of the couple's property. This Court has previously found issues involving the valuation and division of property waived for failure to comply with Rule 7.
>
> *Id.* at *8 (citations omitted). In explaining the necessity of the Rule 7 Table, we further stated:
>
> > [I]t is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as

4

well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the entire distribution of property in order to determine whether the trial court erred. Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper.

*Id.*

While we may excuse Wife's failure to include a chart in her appellate brief, *see* Tenn. R. App. P. 2, we cannot overlook Wife's failure to cite any applicable law in her brief supporting her arguments regarding the division of marital property, other than the distribution of marital property statute, Tennessee Code Annotated Section 36–4–121. This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.

This equally well-established rule has also been applied in many of our appellate decisions. *See, e.g.*, ***Hopwood v. Hopwood***, No. M2015-01010-COA-R3-CV, 2016 WL 3537467, at *6 (Tenn. Ct. App., filed June 23, 2016); ***Akard v. Akard***, No. E2013-00818-COA-R3-CV, 2014 WL 6640294, at *4-5 (Tenn. Ct. App., filed Nov. 25, 2014); ***Butcher v. Butcher***, No. W2011-01808-COA-R3-CV, 2012 WL 2107977, at *2-3 (Tenn. Ct. App., filed June 12, 2012); ***Townsend v. Townsend***, No. W2004-02034-COA-R3-CV, 2005 WL 3416310, at *6 (Tenn. Ct. App., filed Dec. 14, 2005).

We are mindful that Husband has proceeded pro se for a significant portion of his action. In ***Murray***, faced with a similar situation, we recently restated the following applicable principles:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997).

The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003).

We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

457 S.W.3d at 402; *accord Chiozza*, 315 S.W.3d at 487.

Finally, Wife argues that this appeal is frivolous. In *Chiozza*, another case involving a pro se post-divorce litigant whose appeal was dismissed for failure to comply with the rules discussed herein, we stated:

The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. *Whalum v. Marshall*, 224 S.W.3d 169, 180–81 (Tenn. Ct. App. 2006) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)). "Successful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* at 181

6

(quoting ***Davis v. Gulf Ins. Group***, 546 S.W.2d 583, 586 (Tenn. 1977)).  An appeal is frivolous when it has "no reasonable chance of success" or is "so utterly devoid of merit as to justify the imposition of a penalty."  ***Id.*** (citing ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn. 1978); ***Jackson v. Aldridge***, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999)).  We exercise our discretion under this statute sparingly so as not to discourage legitimate appeals.  ***Id.***  In the instant case, given the state of the record and the state of Mr. Chiozza's appellate brief, we can only conclude that his appeal had "no reasonable chance of success."  ***Whalum***, 224 S.W.3d at 180–81.  Under these circumstances, we find that Mother is entitled to her reasonable fees and costs on appeal, and we remand the case to the trial court to determine the amount of the fee award.

315 S.W.3d at 493; *see also* ***Murray***, 457 S.W.3d at 404 (holding appeal frivolous under similar circumstances).  The principles of law we have discussed herein are firmly established.  Under them, this appeal had no reasonable chance of success, so we hold it is frivolous.

## IV.

The issue raised by Husband has been waived for failure to comply with the Tennessee Rules of Appellate Procedure and Rules of the Court of Appeals.  This appeal is dismissed, and the case remanded to the trial court for a determination and award of Wife's reasonable attorney's fees and expenses on appeal.  Costs on appeal are assessed to the appellant, Mitchell Hunter Oakes.

_____
CHARLES D. SUSANO, JR., JUDGE